George T. KING, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.

No. 77–1896.

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1979.

Decided Feb. 22, 1980.

---

James H. Coleman, Malden, W. Va., for appellant.

James S. Arnold, Asst. U. S. Atty., Charleston, W. Va. (Robert B. King, U. S. Atty., and Phillip I. Morse, Sp. Asst. U. S. Atty., Charleston, W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

George King appeals from an order of the district court affirming a decision by the Secretary of HEW that he was not entitled to black lung benefits sought pursuant to the regulations enacted under Part B of the Federal Coal Mine Health and Safety Act of 1969, *as amended*, 30 U.S.C. § 901 *et seq.* While our scope of review is limited to determining whether the Secretary's denial is supported by substantial evidence, 30 U.S.C. § 923(b), incorporating by reference § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), because the Secretary failed to give proper consideration to certain evidence, we remand for further consideration.

King submitted X–ray studies which at least four physicians interpreted as demonstrating the existence of pneumoconiosis. Two physicians gave King physical examinations and concluded that he suffered from occupational pneumoconiosis. In addition, there was testimony that King had subjective symptoms of lung impairment (shortness of breath, coughing, fatigue).

█ The Secretary, in evaluating the evidence, stated that "[t]here is not one medical expert who has any official certification of his radiology specialty that has classified this claimant's film as pneumoconiosis." The record shows that of the four physicians who interpreted King's X–rays as

showing pneumoconiosis, three are in fact officially certified "A" readers. The Secretary had all the X-rays reread by one certified "B" reader who interpreted them all as either unreadable or negative for pneumoconiosis. The Secretary is entitled to weigh evidence and gave great weight to these negative findings, but his opinion does not indicate he took into consideration the rule in this circuit that contradictory X-rays benefit neither party. *Petry v. Califano*, 577 F.2d 860, 864 (4th Cir. 1978).

The Secretary's decision does not give proper treatment to the findings of two physicians who gave King physical examinations and diagnosed pneumoconiosis. There is nothing in the record to support the Secretary's statement that Dr. Hamilton has a "penchant for making elaborate diagnoses based upon opaque X-ray films." The record contradicts the Secretary's statement that Dr. Hresan's diagnosis "is based entirely upon an X-ray interpretation." Dr. Hresan noted a fusion of the vertabrae, examined the heart, and found that "the resp. disease affects his breathing about 50%." More importantly, Dr. Hresan's medical report, dated 3-27-73, gives the "Date of First Examination" as 1-4-69, the "Frequency of Visits" as "irreg", and the "Date of Last Examination" as 3-26-73.

■ This court places great reliance on the conclusions of a claimant's examining physician, e. g., *Hubbard v. Califano*, 582 F.2d 319, 323 (4th Cir. 1978). The Secretary has, apparently, impermissibly limited his findings to those based on objective medical tests and weighing conflicting opinions on X-rays in contravention of his duty to consider all the evidence, as required by 30 U.S.C. § 923(b). On remand, the Secretary will state how he treats the evidence of Dr. Hamilton and Dr. Hresan.

■ The Secretary must consider all the evidence and explain on the record the reasons for his findings, including the reason for rejecting relevant evidence in support of the claim. *Arnold v. Secretary of HEW*, 567 F.2d 258 (4th Cir. 1977). Even if legitimate reasons exist for rejecting or discounting certain evidence, the Secretary cannot do so for no reason or for the wrong reason. We therefore remand this case to the district court for the purpose of further remand to the Secretary with directions to give proper consideration to all the evidence. On remand, either party may introduce additional evidence if he be so advised.

*VACATED AND REMANDED.*

HAYNSWORTH, Chief Judge, dissenting:

I would affirm.

The statement that Dr. Hamilton has a "penchant for making elaborate diagnoses based upon opaque x-ray films" is unsupported on this record. It may be that the administrative law judge had encountered this elderly physician before. However, it is a shorthand means of stating why Dr. Hamilton's opinion is disregarded when derived from a film which highly qualified readers find so opaque as to be uninformative. Nor do I find Dr. Hresan's references to the heart and spine as showing reliance upon anything other than the x-ray film in reaching his conclusion about the patient's respiratory problem.

Since I find in the record support for the Secretary's conclusion, I would affirm.