537 F.Supp. 660 (1982)
Agnes F. WOOD, Plaintiff,
v.
Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.
Civ. A. No. 77-94-8.
United States District Court, D. South Carolina, Aiken Division.
April 12, 1982.
*661 Mary J. Wiesen-Kosinski, Aiken, S. C., for plaintiff.
Henry Dargan McMaster, U. S. Atty., Columbia, S. C., for defendant.

ORDER
BLATT, District Judge.
This matter is before the court, pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Secretary of Health and Human Services. The record includes a report and recommendation of the United States Magistrate made in accordance with the local rule of this District concerning reference of social security cases under 28 U.S.C. § 636(b)(1)(B). In the Matter of: Social Security Cases, No. M 81-31 (D.S.C. March 30, 1981) (local rule); see, e.g., Weber v. Secretary of Health, Education and Welfare, 503 F.2d 1049 (9th Cir. 1974), aff'd sub nom., Mathew v. Weber, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Under 28 U.S.C. § 636,
[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.
28 U.S.C. § 636(b). E.g., Orand v. United States, 602 F.2d 207 (9th Cir. 1979). Absent timely objection from a dissatisfied party, however, the scope of this court's review of the magistrate's record is more limited. Park Motor Mart, Inc. v. Ford Motor Co., No. 79-1514 (1st Cir. March 11, 1980). See 28 U.S.C. § 636(b)(1)(B). Bowman v. Bordenkircher, 522 F.2d 209 (4th Cir. 1975). Cf. United States v. Walters, 638 F.2d 947 (6th Cir. 1981) (failure to object to magistrate's report constitutes a waiver of the right to appeal from district court's order adopting that report). Nonetheless, while the level of scrutiny entailed by the district court's review of the report and recommendation of the magistrate depends on whether objections thereto have been filed, e.g., Webb v. Califano, 468 F.Supp. 825 (E.D.Cal. 1979), in either case "the district judge is free, after review, to accept, reject or modify any of the magistrate's findings or recommendations." United States ex rel. Henderson v. Brierley, 468 F.2d 1193 (3d Cir. 1972). See Bowman v. Bordenkircher, 522 F.2d 209 (4th Cir. 1975). "The district *662 judge is free to follow [the magistrate's report] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew. The authority  and the responsibility  to make an informed, final determination ... remains with the judge." Mathew v. Weber, 423 U.S. 261, 271, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). In the present case, plaintiff has excepted to certain portions of the magistrate's report.[1]
On January 2, 1976, plaintiff filed an application for disability insurance benefits, which was denied by the Social Security Administration both initially and upon reconsideration. A hearing, requested by plaintiff under 42 U.S.C. § 405(b), was conducted on March 30, 1976, and resulted in an adverse determination by the administrative law judge on October 22, 1976. That determination became the final decision of the Secretary of Health and Human Services when it was approved by the Appeals Council on November 24, 1976. Plaintiff sought judicial review of this decision pursuant to 42 U.S.C. § 405(g), and this court remanded the case to the Secretary "for further administrative action." Wood v. Califano, No. 77-94 at 1 (D.S.C. July 14, 1978) (Chapman, J.). In that order, the court held that there was "not substantial evidence to support the Secretary's final decision denying plaintiff's claim for an establishment of a period of disability ... [and g]ood cause ... [was] shown to remand this matter to the Secretary ...."[2]Id. Subsequent to remand, a supplemental hearing was conducted on February 16, 1979, which resulted in the administrative law judge holding that plaintiff was "entitled to a period of disability commencing on May 13, 1973, and to disability insurance benefits under ... the Social Security Act ...." Transcript at 156. However, on February 26, 1980, the Appeals Council reversed the administrative law judge, finding that "the claimant was not precluded from engaging in her previous sedentary work as a sewing machine operator for any continuous twelve-month period commencing on or before June 30, 1973." Id. at 139. It is from this decision that plaintiff now seeks relief under 42 U.S.C. § 405(g).
After careful review of the record, this court finds the magistrate's report to be an accurate summary of the facts in the instant case, and that report is incorporated into this order by specific reference thereto.[3] Plaintiff was born on December 14, 1921, and was fifty-seven (57) years of age at the time of the supplemental hearing. Transcript at 180. Plaintiff discontinued her formal education after completing the fourth grade, id. at 180-81, and, by her own admission, she can "barely" read and can write "a little bit." Id. at 181. Plaintiff's employment history consists, most recently, of work in a garment factory as a sewing machine operator, which ended in 1968. Id. at 182-83. Prior to that employment, plaintiff worked in restaurants as a waitress, id. at 185-86, in a textile mill as a battery hand, id. at 186-88, and in a dry cleaning establishment as a checker, id. at 183-84. Subsequent to her back problems in 1968, plaintiff worked intermittently, generally on a part-time basis, as a dry cleaning checker and a sewing machine operator. Id. at 184-85, 188-89. Plaintiff asserts that she has been unable to work since December 17, 1969, id. at 154, as a result of mental and physical problems related to a recurrent herniated lumbar disc that was treated surgically in 1964 and *663 1973. Id. at 192-94. See generally id. at 189-206, 209-18, 222-26. Plaintiff also presented the testimony of Dr. Mercer B. Sell, her husband, George Wood, her granddaughter, Teresa Danner, and two friends, Lois Lott and Thelma Wood, who affirmed previous affidavits. The testimony of a vocational expert was also heard.
The medical evidence advanced at the supplemental hearing consisted of a report of Dr. Mercer B. Sell, id. at 290-92, as well as his testimony, id. at 59-85; a psychological report by Dr. Charles W. Jackson, Ph.D. id. at 294-96; a report by Dr. Robert O. Lipe, id. at 297; various records from University Hospital in Augusta, Georgia, concerning hospitalization from February 7 to February 10, 1964, id. at 299-303, from April 18 to April 21, 1964, id. at 304-08, from September 8 to September 15, 1971, id. at 313-19, and from May 13 to May 27, 1973, id. at 320-22; various records from Aiken County Hospital concerning hospitalizations from October 7 to October 10, 1968, id. at 309-12, and from July 24 to July 28, 1975, id. at 344-46; a psychological examination report from Dr. Kermit W. Oberlin, Ph.D., id. at 330-33; and a consultive psychiatric examination report from Dr. Benjamin F. Moss, id. at 334-40. Moreover, lay testimony was elicited from plaintiff, her husband, her granddaughter and, via affidavits, from Mrs. Lott and Mrs. Wood. Although there are conflicts in the record, the evidence establishes that plaintiff suffers some impairment from her various medical problems. Dr. Sell stated that plaintiff "has experienced a very long, chronic anxiety and depressive state, particularly since she had to give up her work in the latter part of 1968 or early 1969 ... [f]ollowing her disc surgery ...." Id. at 292. Accord: id. at 296 (Report of Dr. Jackson, Ph.D., finding that plaintiff "is suffering from a moderate amount of depression and anxiety ... [which] has existed for quite some time"); id. at 332 (Report of Dr. Oberlin, Ph.D., finding "signs of anxiety and ... evidence of lowered motivation ...," which indicates "a personality disorder of a non-psychotic nature"); id. at 339 (Residual Functional Capacity Questionnaire from Dr. Moss indicating a mild restriction of plaintiff's activities from her psychiatric impairment). The various records from Dr. Kenneth W. Carrington, who treated plaintiff's orthopedic problems, clearly establish a long-standing lower back problem attributable to a recurrent herniated lumbar disc that was treated surgically with a laminectomy in 1964 and again with a laminectomy and fusion in 1973. See id. at 299-303, 304-08, 309-12, 320-22. A hospitalization in 1971 for low back pain revealed lumbar osteoarthritis and a mild reverse spondylolisthesis at L4-5. Id. at 313-19. The records of plaintiff's most recent hospitalization also indicate that she currently suffers from essential hypertension and probably coronary artery disease. Id. at 344-46.
After reviewing the record and the testimony elicited at the first hearing, the administrative law judge made the following findings, which were subsequently approved by the Appeals Council.
1. The claimant is a lady who is 55 years of age. She has a fourth grade education and experience as a sewing machine operator.
2. The claimant's primary impairment, which has been shown to exist prior to the expiration of her insurance coverage, is a back condition requiring a laminectomy.
3. The medical evidence is insufficient to support the claimant's position that she has suffered an impairment shown to have lasted for 12 continuous months, which condition began before the expiration of her Social Security Insurance coverage on June 30, 1973.
4. The evidence is insufficient to establish that the claimant was unable to return to her previous work activity within a period which was less than 12 months duration due to her impairment.
5. The preponderance of the evidence indicates the claimant retains the functional capacity to return to her previous job as a sewing machine operator. The evidence is insufficient to establish that the claimant has been unable to perform such job for a period of 12 months duration.

*664 6. The claimant was not disabled within the meaning of the Act prior to the expiration of her Social Security insurance coverage.
Id. at 12-13. Subsequent to the supplemental hearing held pursuant to this court's order of remand, the administrative law judge made the following findings.
1. The claimant filed a valid application for disability insurance benefits on January 2, 1976, alleging inability to work as of December 17, 1969.
2. The special earnings requirements of the Social Security Act were met on December 17, 1969, the date the claimant allegedly became unable to work and continued to be met through June 30, 1973, but not thereafter.
3. The claimant is 57 years of age which is defined as advanced age.
4. The claimant allegedly completed the 4th grade in school which is classified as marginal. However, claimant can barely read and write and would be more than likely classified as illiterate.
5. The claimant's work in the past has all consisted of unskilled work ranging from sedentary to heavy with no transferables to other types of occupations.
6. The claimant is unable to perform her past relevant work.
7. That even if the claimant had the residual functional capacity for sedentary or light work as defined in the regulations, Rules of 201.01 and 202.01 of Tables 1 and 2 direct a finding that claimant be found disabled.
8. The claimant's impairments prevent her from engaging in substantial gainful activity prior to May 16, 1973, 12 months previous to her application filed on May 16, 1974. Therefore, claimant is entitled to have previous application reopened and disability determined on her application of May 16, 1974.
9. The claimant's inability to engage in substantial gainful activity by reason of her impairments has continued through the date of this decision.
10. The claimant has been under a disability as defined in the Act which commenced May 13, 1973, and has continued through the date of this decision.
Id. at 154-56. The Appeals Council, however, disagreed with the administrative law judge's findings and, based on additional medical analyses from Dr. Daniel G. Lipman, id. at 347-48, and Dr. Edwin C. Mitchell, id. at 349, adopted the following findings.
1. The claimant met the special earnings requirements of the Act on December 17, 1969, the date the claimant stated she became unable to work, and continued to meet them through June 30, 1973, but not thereafter.
2. The claimant has the following impairments: an anxiety reaction with depression, essential hypertension-treated, probably coronary artery disease and a status post lumbar laminectomy and fusion.
3. Prior to July 1, 1973, the claimant's anxiety and depression did not significantly limit her functional ability.
4. The claimant's physical impairments, including her subjective pain, did not preclude her from engaging in sedentary work activity prior to July 1, 1973.
5. The claimant was able to return to her previous sedentary work as a sewing machine operator approximately 8 months after her back operation in May 1973.
6. The claimant was not precluded from engaging in her former work as a sewing machine operator for any continuous 12 month period commencing on or before June 30, 1973, on the basis of her impairments, considered singly or in combination.
7. The Appeals Council's findings that the claimant was able to return to her previous work as a sewing machine operator is dispositive under the sequential evaluation of disability as provided in section 404.1503 of Regulation No. 4.
8. The claimant was not under a disability as defined in the Social Security Act, as amended, at any time on or before June 30, 1973.
*665 Id. at 139-40. The Appeals Council's findings constitute the final decision of the Secretary of Health and Human Services. E.g., Baker v. Gardner, 362 F.2d 864 (3d Cir. 1966); Capaldi v. Weinberger, 391 F.Supp. 502 (E.D.Pa.1975); Maudlin v. Celebrezze, 260 F.Supp. 287 (D.S.C.1966).
The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ...." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). E.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F.Supp. 776 (E.D.Va.1976). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Secretary. E.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by `substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). However, as noted by Judge Sobeloff in Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow ... that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." Vitek v. Finch, 438 F.2d 1157, 1157-58 (4th Cir. 1971). E.g., Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).
Under the Social Security Act, plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability...." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months ...." Id. § 423(d)(1)(A). See 20 C.F.R. 404.1501(a)(1)(i). Of course, the burden is on the claimant to establish such disability. E.g., Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). A claimant may establish a prima facie case of disability based solely upon medical evidence, 20 C.F.R. § 404.1501(a), by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1504(a)(2).
If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975). Since this approach is premised on the claimant's inability to resolve the question solely on medical considerations under 20 C.F.R. §§ 404.1502(a), 404.1504(a)(1), (2), and Appendix 1, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." Id. § 404.1502(b). These factors include the individual's "residual functional capacity," id. § 404.1505, age, id. § 404.1506, education, id. § 404.1507, work experience, id. § 404.1508, and the existence of work "in significant numbers in the national economy" that the individual can perform, id. § 404.1509. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether she can do some other type of work, taking into account the remaining vocational factors. Id. § 404.1505(f). The interrelation of these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1503, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from *666 some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.
Under the findings of the administrative law judge at the supplemental hearing, plaintiff's impairments prevented her return to her previous employment as a sewing machine operator, Transcript at 155, even though they may not have precluded her from performing sedentary work. Id. Thus, under those findings, plaintiff advanced a prima facie case of disability, e.g., Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975), thereby shifting the burden to the Secretary to rebut this prima facie case by establishing that the nature of plaintiff's impairments, in light of her age, education, and vocational experience, does not prevent her from performing some other type of work, and that such alternative employment actually exists in the national economy. Id. However, under the revised findings of the Appeals Council, plaintiff "was able to return to her previous sedentary work as a sewing machine operator approximately 8 months after her back operation in May 1973." Transcript at 139. This finding is, of course, "dispositive under the sequential evaluation of disability as provided in section 404.1503 of Regulation No. 4." Id.
The final decision of the Secretary in this case exhibits numerous defects and inconsistencies, and that decision is not supported by substantial evidence. First, while there may be slight support for the Secretary's conclusion that plaintiff could perform some sedentary work, the record is wholly devoid of any evidence that plaintiff could return to her previous employment as a sewing machine operator. Indeed, the only testimony is that plaintiff was unable to do the work because of the constant sitting, id. at 37, 182-83, and two attempts to return to that type of employment after her second operation were unsuccessful. Id. at 188-89. The vocational expert also testified that plaintiff's back problems would restrict the type of sedentary work she could perform. Id. at 279-80. Since "she cannot relieve the discomfort she gets from sitting by merely alternating standing and sitting ..., [t]his ... would rule out her ability to perform a wide variety of [sedentary] jobs...." Id. Finally, the Appeals Council's specious attempt to bolster its conclusion with the observation that "claimant was able to sew and make all of her own clothes," id. at 137, is neither convincing, in light of the considerable testimony to the contrary, id. at 224 (plaintiff); id. at 266-67 (Mr. Wood); id. at 283 (Mrs. Lott), nor appropriate, in light of the obvious and significant differences between hand sewing at home and operating a commercial sewing machine in an industrial setting. Thus, the record demonstrates unequivocally that plaintiff was unable to return to her previous employment, thereby establishing a prima facie case of disability, e.g., Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975), which the Secretary must rebut. Id.
Second, the Secretary's analysis of the medical evidence concerning plaintiff's orthopedic problems improperly substitutes the consultive evaluation of Dr. Mitchell for the opinions and evidence advanced by plaintiff's treating physicians. Under the decisional law in this circuit, due regard must be paid to the uncontradicted opinions of such physicians. See, e.g., King v. Califano, 615 F.2d 1018 (4th Cir. 1980); Hubbard v. Califano, 582 F.2d 319 (4th Cir. 1978); Arnold v. Secretary of Health, Education and Welfare, 567 F.2d 258 (4th Cir. 1977); Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court does not feel that the administrative law judge can discharge his duty under these cases without explicitly indicating the weight given all evidence, as well as the contradictory evidence preferred by the administrative judge and the reasons for that preference.[4]See, e.g., Myers v. *667 Califano, 611 F.2d 980 (4th Cir. 1978); Stawls v. Califano, 596 F.2d 1209 (4th Cir. 1979); Thorne v. Weinberger, 530 F.2d 580 (4th Cir. 1976). Plaintiff's objection to the magistrate's report on this basis is well taken.
Third, although the decision herein is based on the two defects previously discussed, this court feels compelled to comment on the Appeals Council's action in rejecting the findings of the administrative law judge at the supplemental hearing and substituting its own findings. Under the appropriate circumstances, the review powers of the Appeals Council are beyond question, see 20 C.F.R. §§ 404.979, 422.205, but the exercise of those powers in the present case is questionable at best. Here, there was no request for review of the hearing decision filed by either party under 20 C.F.R. §§ 404.967 and 404.968, and the Appeals Council apparently initiated a review sua sponte under 20 C.F.R. § 404.969; however, there is no evidence in the record that plaintiff was properly notified of this action as required by the Social Security Administration regulations. Id. §§ 404.969. See id. § 404.973. The first indication of their review is a letter to plaintiff's counsel dated November 15, 1979,[5] Transcript at 145, stating the additional medical evidence to be considered by the Appeals Council and giving plaintiff twenty days to submit "any comments or additional documents...." Id. See also id. at 141, 143. There is no evidence in the record that plaintiff was ever provided with the reasons for the review and the issues to be considered, as required by 20 C.F.R. § 404.973. Furthermore, while the Appeals Council is empowered to receive "additional evidence ... material to an issue being considered," id. § 404.976(b), the nature of the additional evidence here  "consultive evaluations" by physicians hired to review the medical records without benefit of a physical examinationrenders its use suspicious, particularly in light of the Appeals Council's concomitant failure to properly consider the opinions of plaintiff's treating physicians.[6]
In addition to these problems, the Appeals Council's action here suffers from an even more essential defect. Generally speaking, the Appeals Council's power to review hearing decisions is limited to four situations: when the administrative law judge abuses his discretion, 20 C.F.R. § 404.970(a)(1); when there is an error of law, id. § 404.970(a)(2); when the administrative law judge's decision is not supported by substantial evidence, id. § 404.970(a)(3); and when "[t]here is a broad policy or procedural issue that may affect the general public interest," id. § 404.970(a)(4). There is nothing in the Appeals Council's decision or in the record as a whole that suggests this case would fall within any of these four categories. See Transcript at 130-40. Under this regulation, the only circumstance that would permit the Appeals Council to reject the administrative law judge's decision as "contrary to the weight of the evidence ...," 20 C.F.R. § 404.970(b), permitting a broader scope of review than the more restrictive "substantial evidence" test, id. § 404.970(a)(3), is when "new and material evidence is submitted with the request for review ...." Id. § 404.970(b). It seems extremely doubtful that the Appeals Council can trigger this broader standard merely by requesting additional consultive examinations in a case in which the council *668 itself has initiated the review under 20 C.F.R. § 404.969.
In light of these deficiencies in the Secretary's decision, this court concludes that the decision is not supported by substantial evidence. Under 42 U.S.C. § 405(g), this conclusion could result in the court "reversing the decision of the Secretary, with or without remanding the cause for a rehearing." E.g., Breeden v. Weinberger, 493 F.2d 1002, 1011-12 (4th Cir. 1974). Reversal, as opposed to remand, is appropriate "when `the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when re-opening the record for more evidence would serve no purpose.'" Young v. Harris, 507 F.Supp. 907, 912 (D.S.C.1981), quoting Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974). As stated in Bryant v. Harris, 494 F.Supp. 932, 933 (D.S.C.1980):
Reversal of the Secretary's decision is appropriate where the plaintiff's entitlement is clear from the record and where a remand would simply delay receipt of deserved benefits. See Grable v. Secretary of HEW, 442 F.Supp. 465 (W.D.N.Y. 1977). Where a record is lacking substantial evidence to deny benefits, but contains substantial evidence to grant them, reversal of the Secretary's decision is appropriate. See Coleman v. Weinberger, 538 F.2d 1045 (4th Cir. 1976).
Accord: Lee v. Harris, 492 F.Supp. 490 (D.S.C.1980). In light of the long delay since plaintiff's initial disability, the extensive body of medical evidence already in the record, the absence of any suggestion that additional medical evidence is available or necessary, and the claimant's clear entitlement to the disability benefits, this court feels that the Secretary's decision should be reversed. "[T]he Secretary has not shown sufficient good cause to prolong the litigation." Taylor v. Weinberger, 512 F.2d 664, 669 (4th Cir. 1975).
For the foregoing reasons, the Secretary's decision in this case is hereby reversed. This court finds that plaintiff is entitled to a period of disability commencing on May 13, 1973, and to disability insurance benefits under the Social Security Act.
AND IT IS SO ORDERED.
NOTES
[1] In addition to the exception filed September 10, 1981, plaintiff has also filed a motion denominated "Request for Oral Argument" on September 24, 1981.
[2] The order also indicated that the magistrate's report recommending remand was unopposed; "[n]o exceptions to the Magistrate's report have been made ...." Wood v. Califano, No. 77-94 at 1 (D.S.C. July 14, 1978). According to the magistrate's report, which was adopted by the court's order, id., the purpose of the remand was "to reconsider the record as a whole including newly adduced evidence and such other relevant evidence as either party may submit." Report at 4.
[3] The facts have been extensively recounted in both of the magistrate's reports, as well as various administrative records; this court will, therefore, be brief to avoid needless duplication.
[4] Of course, this burden is equally applicable to the Appeals Council in those instances where the findings of the administrative law judge are rejected.
[5] This letter was sent over seven months after the notice of the administrative law judge's decision, which was mailed March 29, 1979. Transcript at 146. 20 C.F.R. § 404.969 requires that the Appeals Council initiate review "within 60 days after the date of a hearing decision...."
[6] Moreover, 20 C.F.R. § 404.976(b) provides, inter alia:

If the Appeals Council decides that more evidence is needed, it may remand the case to an administrative law judge to receive evidence and issue a new decision. However, if the Appeals Council decides that it can obtain the information more quickly, it may do so unless it will adversely affect your rights.
Even assuming arguendo that the Appeals Council's action in receiving selected consultive evaluations without remanding the case to an administrative law judge falls within the ambit of this regulation, it cannot be said that the council's action did not "adversely affect ... [plaintiff's rights]."