Nancy I. BOHR

v.

Richard S. SCHWEIKER, Secretary, U.S. Department of Health and Human Services.

Civ. A. No. 82–2282.

United States District Court, E.D. Pennsylvania.

May 24, 1983.

Maureen E. Krueger, Pottsville, Pa., for plaintiff.

Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Testimony adduced at a disability hearing convinced an Administrative Law Judge (ALJ) that plaintiff was "disabled", for a specific period of time, within the meaning of the Social Security Act. The Appeals Council, reviewing the ALJ's decision on its own motion, reversed and concluded that plaintiff was not legally disabled. Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) and asserted that the Appeals Council improperly decided to *sua*

*sponte* review the ALJ's award of benefits. Plaintiff argues that the relevant regulation, 20 C.F.R. § 404.970(a)(3), permits the Appeals Council to review only those benefit granting decisions of an ALJ which "are not supported by substantial evidence". Claiming that because 20 C.F.R. § 404.-970(a)(3) mandates review under the "substantial evidence" standard, plaintiff contends that the Appeals Council may not engage in an essentially *de novo* review of the ALJ's decision. Specifically, plaintiff views the scope of review traditionally employed by District Courts when considering the propriety of the Secretary's findings as defining the standard which the Appeals Council must employ when reviewing findings of an ALJ.

In our original resolution of this issue, we concluded that the "substantial evidence" test, which governs the Appeals Council review of an ALJ's decision, was the same as the "substantial evidence" test employed by District Courts in cases such as the one at bar. We defined "substantial evidence" as that which a reasoning mind would accept as sufficient to support a conclusion, more than a mere scintilla but somewhat less than a preponderance. *See, Doborowolsky v. Califano,* 606 F.2d 403 (3d Cir. 1979); *Brennan v. Schweiker,* 542 F.Supp. 680, 682 (E.D.Pa.1982). Moreover, we also concluded that the "substantial evidence" test must be applied evenhandedly and without regard to which side benefits from its invocation. *Cf., Underhill v. Peabody Coal Co.,* 687 F.2d 217, 223 (7th Cir.1982) (The government cannot establish one standard which treats similar proofs in a dissimilar manner depending upon which side offers them.) We, therefore, concluded that the ALJ's decision *was* supported by substantial evidence and, further, that 20 C.F.R. § 404.970(a)(3) prohibited review by the Appeals Council of any decision so supported. Accordingly, we granted plaintiff's motion for summary judgment.

The government, moving to alter or amend the judgment, argues that the scope of our review is limited to consideration of whether the Secretary's ultimate decision to deny benefits is properly supported. The Court is not entitled, argues defendant, to consider the propriety of the Appeals Council's decision to review the ALJ's grant of benefits. Simply stated, the government urges that our review is limited to the Secretary's decision, as expressed by the Appeals Council, which denied plaintiff benefits.

Countering, plaintiff urges that 20 C.F.R. § 404.970(a)(3) permits the Appeals Council to review only those decisions which are favorable to claimants *and* not supported by substantial evidence. Where the ALJ's decision passes muster under the substantial evidence test, the above cited regulation prohibits review by the Appeals Council. Continuing, plaintiff contends that because the regulation at bar is entitled to "legislative effect" *Santise v. Schweiker,* 676 F.2d 925, 933 (3d Cir.1982) quoting, *Batterton v. Francis,* 432 U.S. 416, 425, 97 S.Ct. 2399, 2405, 53 L.Ed.2d 448 (1977), courts must force compliance therewith under the rationale that "administrative agenc[ies] are bound by [their] own regulations". *Board of Broward County v. Department of Health, Education & Welfare,* 525 F.2d 900, 908 (5th Cir.1976). *See also, Penner v. Schweiker,* 701 F.2d 256 (3d Cir.1983) (Garth, J. concurring) (The Secretary is "bound" by his own regulations.) Any other conclusion, plaintiff contends, would upset the "orderly administrative mechanism" established by the Social Security Act, *Califano v. Sanders,* 430 U.S. 99, 102, 97 S.Ct. 980, 982–983, 51 L.Ed.2d 192 (1977), and place agency action beyond judicial review.

We begin our analysis of the issue at bar with the observation that review pursuant to 42 U.S.C. § 405(g) has not restricted courts from inquiring into the propriety of review by the Appeals Council. For example, *Wood v. Schweiker,* 537 F.Supp. 660, 667–68 (D.S.C.1982), observed "[g]enerally" that the power of the Appeals Council to review hearing decisions is "limited" to specific situations, one of which is when the decision is not supported by "substantial evidence". *Id.* at 667. In *Wood,* the Appeals Council requested additional medical evidence of a consultative nature and then

used this additional evidence to trigger the relatively non-deferential "contrary to the weight of the evidence" standard. *See,* 20 C.F.R. § 404.970(b). The Appeals Council upset the ALJ's decision. The *Wood* court reviewed this action and deemed it improper. *Wood v. Schweiker,* 537 F.Supp. at 667–68.

Other cases also support plaintiff's contention that District Courts may consider the reason for, and propriety of, a review by the Appeals Council. *See, Association of Administrative Law Judges, Inc. v. Schweiker,* No. 83–124 slip op. at 12 (D.D.C. March 14, 1983) (Observing that social security claimants have standing to challenge an improper review by the Appeals Council), citing, *D'Amico v. Schweiker,* 698 F.2d 903, 906 (7th Cir.1983).

■■■ Decisions of the Secretary as expressed through the Appeals Council which deny benefits are, nevertheless, always entitled to deference and must be affirmed so long as they are supported by substantial evidence. This is true even where the Appeals Council rejects the ALJ's findings as to credibility. *Beavers v. Secretary of Health, Education & Welfare,* 577 F.2d 383, 386 (6th Cir.1978); *Mississippi River Corp. v. F.T.C.,* 454 F.2d 1083, 1089 (8th Cir.1972); *Zirkle v. Weinberger,* 401 F.Supp. 945, 951– 52 (N.D.W.Va.1975). However, where the Appeals Council rejects credibility findings or disregards evidence "clearly central" to the ALJ's determination, it must "expressly identify[ ] the considerations which [lead] to its conclusion". *Beavers v. Secretary of Health, Education & Welfare,* 577 F.2d at 387. *See also, Combs v. Weinberger,* 501 F.2d 1361, 1363 (4th Cir.1974) (Appeals Council must make a "specific holding" articulating the basis for its rejection of the ALJ's finding as to credibility.) *Accord, Brennan v. Gilles & Cotting, Inc.,* 504 F.2d 1255, 1264 (4th Cir.1974).

■■■ In the case at bar, the Appeals Council rejected the conclusion of Dr. Skubick, contained in Exhibit 43, that plaintiff was "disabled" for more than one year. The Appeals Council reasoned that because the doctor failed to state the basis for his conclusion within the body of Exhibit 43, that his opinion was "unsupported by findings". Record at 13. This off-hand rejection of the conclusions expressed by plaintiff's treating physician is legally unwarranted. *Bastien v. Califano,* 572 F.2d 908, 912 (2nd Cir.1978); *Greene v. Weinberger,* 391 F.Supp. 632, 637 (E.D.Pa.1975) and flies in the face of the Secretary's obligation to consider "all relevant evidence". *Cotter v. Harris,* 642 F.2d 700, 704 (3d Cir.1981). True, the letter containing Dr. Skubick's assessment regarding the duration of plaintiff's disability does not contain specific medical findings. However, the doctor's conclusion is well supported by numerous medical reports which he previously submitted and which detail the extent, severity and length of plaintiff's various maladies.

The Appeals Council chose to discount the doctor's specific findings because, in its view, "many" were contained in letters addressed to the plaintiff's employer or the employer's insurance company. Consequently, the Appeals Council thought it "apparent" that the reports considered only the "effects of claimant's impairments relative to the specific functions of her former administrative secretarial job" and failed to consider "whether [plaintiff] could engage in any gainful work activity" within the meaning of the statute. The evidence demonstrates that some of the medical reports referred to were sent to plaintiff's employer or its insurance company. Others, however, were reports of consulting or treating physicians. The rejected reports do not restrict their conclusions to plaintiff's inability to return to her specific job. Additionally, not all of the reports discounted by the Appeals Council are incompetent to establish legal disability merely because they were written to plaintiff's employer or its insurance company. For example, a letter from Dr. Erdman to the insurance company, dated September 29, 1980, does not refer to plaintiff's inability to perform her specific job. Rather, the letter states that although plaintiff is healthy from an "orthopedic point of view", the determination of her neurological recovery awaits additional testing.

An additional point merits comment. Although the ALJ did not expressly state that he found plaintiff credible, his decision "implicit[ly]" so holds. *Beavers v. Secretary of Health, Education & Welfare,* 577 F.2d at 387 n. 2. The Appeals Council is not free to simply disregard this conclusion without a "specific holding". *Combs v. Weinberger,* 501 F.2d at 1363. The Council failed to make one.

Although the scope of our review is limited, courts may not abdicate their "traditional ... function of scrutinizing the record as a whole". *Brown v. Califano,* 451 F.Supp. 688, 690 (W.D.La.1978). Pursuant to this obligation, we hold that the decision of the Appeals Council to reject the ALJ's implicit finding as to plaintiff's credibility coupled with the improperly explained rejection of evidence adduced through plaintiff's treating physician and the failure to adequately consider the record as a whole, warrants the conclusion that the Secretary's decision is not supported by substantial evidence.

We will accordingly deny the government's motion to alter or amend the judgment. An appropriate order shall issue.