Dalton BAKER, Plaintiff,

v.

Margaret HECKLER,* Secretary of Health and Human Services, Defendant.

No. 81–3082.

United States District Court, W.D. Arkansas, Harrison Division.

Aug. 26, 1983.

---

* The Court substitutes Secretary Heckler as party defendant in place of her predecessor, the Honorable Richard S. Schweiker, Jr., who was originally sued in this case.

Thomas A. Martin, Jr., Jasper, Ark., for plaintiff.

Mark W. Webb, Asst. U.S. Atty., Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

Plaintiff Dalton Baker seeks judicial review of a decision of the Social Security Administration's Appeals Council denying his claim for disability benefits. Both plaintiff and defendant Secretary of Health and Human Services have moved for summary judgment. Plaintiff contends that (1) the Appeals Council's decision was not supported by substantial evidence on the record as a whole; and (2) HHS regulations found at 20 C.F.R. §§ 404.969–.970 (1983) precluded the Council from reviewing his claim. The Secretary argues that the Council's decision was a "final decision of the Secretary," and that it was supported by substantial evidence on the record. This Court has jurisdiction of the cause pursuant to 42 U.S.C. § 405(g).

*Background*

Mr. Baker was born in 1929, and received a fifth grade education. In 1961, he severely injured his back in an accident and underwent surgery to fuse his lumbar spine in several places. After a year of recuperation, he received vocational rehabilitation

training in small appliance repair. He worked several years in this capacity, and then in 1975 started a saw sharpening business. In May, 1980 Mr. Baker turned his business over to his son. Since that time he has performed no work activities aside from buying, selling and feeding a herd of twenty-eight cattle. He applied for disability benefits in October, 1980, alleging he had been disabled since May, 1980 by "residuals of back surgery, arthritis in neck, shoulders and hand."

At the time Mr. Baker applied for benefits, he indicated that he had not been seen by a doctor since 1961. Consequently, administrative personnel arranged for a consultative examination to be performed by internist Dennis Berner. Dr. Berner reported that plaintiff had good strength and range of motion in all joints except the spine. There was no flexion or extension in the lumbar spine, and plaintiff had great difficulty squatting. X-rays of the hand and cervical spine revealed mild changes. Lumbar spine x-rays showed calcification and narrowing of the interspaces. Dr. Berner diagnosed, *inter alia,*

1.  Status post lumbar laminectomy and lumbar fusion for herniated nucleus pulposus. [Mr. Baker] still has significant leg and back pain, and loss of mobility of the lumbar spine.

2.  Symptoms of osteoarthritis. The major pain being in the neck and the hands.

Plaintiff's claim was denied originally and on reconsideration, and plaintiff requested a hearing before an administrative law judge [ALJ]. The hearing was held in April, 1981. Plaintiff testified that the condition of his back had been deteriorating for years, and that he experienced constant burning pain in his low back and right hip and leg. He said that he had quit working because the pain in his back and hands was aggravated by the prolonged sitting, frequent bending, and constant use of hands required by the saw sharpening job. He also testified that he took medication for the headaches but no other prescription drugs.

On the basis of this record, the ALJ found that plaintiff was disabled. The ALJ stated that

In observing the claimant at the hearing including his demeanor, it is the opinion of the undersigned that the claimant's credibility could not be questioned.

Shortly thereafter, however, the Appeals Council notified Mr. Baker that it considered the ALJ's decision to be unsupported by the evidence and erroneous in law. The Council proposed to review the claim "on its own motion." In December, 1981, the Council issued a decision reevaluating the entire claim. The Council rejected plaintiff's allegations of disabling pain, and found that he was capable of returning to his "past relevant work." The Council therefore denied the claim, and plaintiff appealed to this Court.

*Discussion*

1.  Substantial evidence.

Plaintiff contends that the Council's decision was not supported by substantial evidence. We do not agree. Substantial evidence is that amount "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Dr. Berner's report established that plaintiff had a stiff back and some pain; but it failed to indicate the extent to which the pain could be expected to interfere with work activities. As a result, plaintiff's credibility became the central issue in this case. In rejecting plaintiff's allegations, the Council relied on his reported daily activities (caring for cattle, gardening, etc.); his failure to seek medical attention after 1961; and his skimpy medication record. This evaluation was not unreasonable. As the Court of Appeals has said, "Claimant's subjective complaints may be shown to be exaggerated by any inconsistency in claimant's testimony and all other circumstances in the case." *Brand v. Secretary of HEW,* 623 F.2d 523, 526 n. 3 (8th Cir.1980).

In upholding the Appeals Council's evaluation of the evidence we are cognizant of the fact that the ALJ's positive credibility finding militated strongly against that evaluation. *Universal Camera v. N.L.R.B.,* 340 U.S. 474, 496, 71 S.Ct. 456, 468–69, 95 L.Ed.

456 (1951). The ALJ's finding was reasonable, and was supported by plaintiff's work history and by the close parallels between plaintiff's testimony and Dr. Berner's report. Moreover, it was of course in no way inappropriate for the ALJ to give testimony controlling weight when resolving crucial issues. But even weighing the ALJ's finding along with the rest of the evidence, we believe that reasonable minds reviewing the record could reach opposing conclusions as to the severity of plaintiff's impairments. We hold that the Council's decision was supported by substantial evidence.

2. Regulations governing Appeals Council review.

The Secretary's regulations provide:
Anytime within 60 days after the date of a hearing decision ... the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision ... notice of the action will be mailed to all parties ....

20 C.F.R. § 404.969 (1983).
The Appeals Council will review a case if—
(1) There appears to be an abuse of discretion by the administrative law judge;
(2) There is an error of law;
(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or
(4) There is a broad policy or procedural issue that may affect the general public interest.

20 C.F.R. § 404.970. It will be recalled that the Council asserted insubstantiality of the evidence and errors of law as its reasons for reviewing the ALJ's decision. Mr. Baker argues that neither of these two grounds

applied in this case. Plaintiff then concludes that the Council had no authority to review and reverse the ALJ's decision on his claim. He urges this Court to reinstate the ALJ's decision as the "final decision of the Secretary."

█ Plaintiff's argument has some appeal, and at least one court has accepted a similar argument. *Wood v. Schweiker,* 537 F.Supp. 660, 667–68 (D.S.C.1982). *But see Bohr v. Schweiker,* 565 F.Supp. 610 (E.D.Pa. 1983). This Court does have jurisdiction under 42 U.S.C. § 405(g) to inquire into the propriety of Appeals Council review. *See Munsinger v. Schweiker,* 709 F.2d 1212 (8th Cir.1983). Moreover, the Court of Appeals has stated that

during the course of [judicial review of agency action], the reviewing court must be satisfied that the agency ... conform[ed] to the agency's own internal procedures. *Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055 [1074], 39 L.Ed.2d 270 (1974). This is true even where the internal procedures are possibly more vigorous than would otherwise be required. *Id.* at 235, 94 S.Ct. at 1074. *See United States v. Caceres,* 440 U.S. 741, 751 n. 14, 99 S.Ct. 1465, 1471 n. 14, 59 L.Ed.2d 733, 743 n. 14 (1979).

*Oglala Sioux Tribe of Indians v. Andrus,* 603 F.2d 707, 713 (8th Cir.1979). We would add that we agree with plaintiff that the ALJ's decision was supported by substantial evidence and contained no errors of law.[1]

█ The Court cannot agree, however, that the Appeals Council was precluded from reviewing this case. Under 42 U.S.C. § 405(b), "the Secretary is ... authorized, on [her] own motion, to hold such hearings and to conduct such investigations and other proceedings as [she] may deem necessary or proper for the administration of [federal

1. In its notice to plaintiff regarding the upcoming "own motion" review, the Council stated that the ALJ's

ultimate conclusion, based solely on your own symptoms and without supporting evidence, is contrary to the provisions of the regulations and constitutes an error of law. As pointed out elsewhere in this opinion, the ALJ's decision was supported by medical evidence and other circumstances as well as by hearing testimony. We assume the Appeals

Council's error of law comment was either a criticism of the ALJ's opinion writing style or an overstatement of the strength of its own position regarding the facts. Because the Appeals Council's final decision evinced adequate consideration of the hearing testimony, we assume the comment did not reflect complete disregard for the potential probative value of testimony. Such disregard might well violate due process.

old-age, survivors, and disability insurance benefits programs]." Moreover, 20 C.F.R. § 404.969 does not limit Appeals Council review to those situations enumerated in 20 C.F.R. § 404.970, nor does the latter section purport to be an exhaustive list of every circumstance in which Appeals Council "own motion" review would be appropriate. Since the language of the statute and regulations does not compel the construction urged by plaintiff, the Court declines to accept that construction. A contrary holding would unduly interfere with the Secretary's authority to monitor the output of her department, and with her ability to determine when a final administrative decision has been reached.

We note also that in the circumstances of this case plaintiff was not prejudiced by the fact that the notice of Appeals Council "own motion" review inaccurately described the bases for that review. The notice forewarned plaintiff of the Council's view of the case, and invited additional evidence and arguments of law.

The Appeals Council's decision is affirmed, and the Secretary's motion for summary judgment is granted.