**Eddie WARD, Plaintiff,**

v.

**Margaret HECKLER, Defendant.**

**No. 83 C 7427.**

United States District Court,
N.D. Illinois, E.D.

Sept. 3, 1985.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

This is an action pursuant to 42 U.S.C. § 405(a) for judicial review of a final decision of the Secretary of Health and Human Services ("the Secretary") denying the plaintiff's applications for the establishment of a period of disability, disability insurance benefits and supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1381, *et seq.* Presently pending before this Court is the statement of exceptions of plaintiff Eddie Ward to the report and recommendations of Magistrate James Balog entered on December 12, 1984. Magistrate Balog, in considering the parties' cross-motions for summary judgment, recommended that the plaintiff's motion for summary judgment be denied and that the decision of the Secretary be affirmed.

The Court has conducted a *de novo* review of the entire administrative record before Administrative Law Judge Larry M. Miller ("ALJ") including the transcript of the oral hearing, all of the exhibits and medical evidence, the decisions of the ALJ and of the Appeals Council, and the pleadings and briefs filed by both parties. For the reasons stated herein, the Court is satisfied that plaintiff's statement of exceptions to the Magistrate's Report and Recommendation is well-taken. Accordingly, plaintiff's motion for summary judgment is granted and the Secretary's motion is denied.

### Summary Of Proceedings

On June 23, 1981, plaintiff applied for disability insurance benefits and SSI, alleging that he became disabled and unable to work as of October 17, 1979. His applications were denied initially and upon reconsideration. On February 17, 1982, plaintiff requested a hearing before an ALJ which was held on August 11, 1982. The ALJ found on August 25, 1982 that plaintiff was disabled as of November 6, 1981 and thus entitled to a period of disability, disability insurance benefits, and SSI. Plaintiff disagreed with the ALJ's decision as to the onset date of his disability and thus requested the Office of Hearings and Appeals to review the issue of onset date.

On August 24, 1983, the Appeals Council decided that the ALJ's findings were not supported by substantial evidence and reversed his decision, finding plaintiff not disabled. This decision became the final decision of the Secretary. Plaintiff then filed this action for judicial review, and the case was referred to Magistrate James T. Balog for a report and recommendation on plaintiff's and defendant's cross-motions for summary judgment.

The Magistrate filed his Report and Recommendation on December 12, 1984. He recommended that the government's motion for summary judgment be granted and the decision of the Secretary, denying plaintiff's applications for disability and SSI, be affirmed.

### Facts

Plaintiff was born in Mississippi on April 19, 1942. He did not complete the fourth grade and asserts that he is illiterate.

Plaintiff's vocationally relevant past work experience include being a janitor, a machine helper, a meat inspector, a sorter, and a spray paint helper. These past jobs were exertionally light in nature.

Plaintiff has suffered from polio affecting his right leg and hip since he was six years old. He had corrective surgery on his hip three times. Nevertheless, he refused an artificial hip replacement for fear the operation would render him unable to walk at all. Plaintiff testified that his hip and legs have been in constant pain all his life, that his pain has "[gotten] worse," and that it continues to "get worse." He can sit for no more than two hours at a time, after which he must rise to loosen his leg to relieve the pain. He also takes medication to relieve the pain, after which he must lay down. In addition to these problems, plaintiff lost the sight of his left eye when he was fourteen. Plaintiff also suffers from arthritis in the left shoulder and has complained of bad chest pains.

In June of 1981, plaintiff was hospitalized for a dislocation of the right hip. X-rays of his right hip revealed a marked deformity of the right hemi-pelvis, a dislocation of the right hip with pseudo-acetabulum formation, severe degenerative arthrosis of the head and neck, a protrusion of the right hemi-pelvis, moderate deformity of the iliac wing with sclerosis near the sacroiliac joint, and scoliosis and degenerative arthrosis of the lumbar spine.

On November 6, 1981 plaintiff was given a consultative examination. X-rays of the right hip showed severe osteoarthritis of the right hip with marked narrowing and erosion of the acetabular joint. Also shown was severe sclerosis at the superior portion of the acetabular articulating surface as well as moderate ossified formation of the superior margin. The examination further revealed a shorter right leg length as compared to the left leg, a limitation of range of motion of the right hip, and a limitation of full extension of the right knee.

Plaintiff lived by himself for the eight months preceding the ALJ's hearing. Pri-or to that time, he lived with his niece for two years, and for the prior six years, he also lived by himself. Plaintiff testified that he cleans, sweeps, and mops his two and one-half room apartment, goes to the laundromat, and shops once a month. Plaintiff has used a cane most of his life.

### Discussion

A review of the factual determinations of the Secretary is limited to a determination of whether those findings are supported by substantial evidence or are based on legal error. *Aubeuf v. Schwerker*, 649 F.2d 107, 112 (2d Cir.1981); *Marcus v. Califano*, 615 F.2d 23 (2d Cir.1979). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). "A court should consider the following as an aid in such an evaluation: (1) the clinical findings of treating and examining physicians; (2) the diagnoses of these physicians; (3) the subjective evidence of pain and disability as testified by the plaintiff and as observed by others; and (4) the [plaintiff's] educational background, work history, and present age." *Whitney v. Schweiker*, 695 F.2d 784 (7th Cir.1982).

Where, as here, the Appeals Council has reversed the decision of the ALJ granting benefits, the Seventh Circuit has recently held that the reviewing court has "an obligation to determine whether the own motion review conducted by the Appeals Council was in fact justified under the standard by which the Council justified it in theory." *Scott v. Heckler*, 768 F.2d 172, 178 (7th Cir.1985). Here the Appeals Council decided that the ALJ's decision was not supported by substantial evidence. Thus, this Court must determine whether the Secretary's decision to conduct own motion review based on the condition that the ALJ's award was not supported by substantial evidence was correct.

In this case, the Appeals Council found that the plaintiff's condition did not meet the Appendix 1 Listing of Impairments

§ 1.03, despite the fact that the ALJ found that the November 6, 1981 x-rays of the plaintiff's right hip demonstrated that he did meet the § 1.03 requirements.[1]

Under the Listing of Impairments § 1.03, a severe impairment of the musculo-skeletal system will be found if there is evidence of "[a]rthritis of a major weight-bearing joint (due to any cause) with limitation of motion and enlargement or effusion in the affected joint, as well as a history of joint pain and stiffness. [Also] [w]ith ... gross anatomical deformity such as subluxation, contracture, bony or fibrous ankylosis or instability...." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.03 (1954).

The Appeals Council found plaintiff's condition did not meet the standards of § 1.03 in that the record did not "establish the existence of significant limitation of motion, joint stiffness, enlargement, effusion or loss of full weight bearing" (R. 10). Plaintiff's contention is that the Appeals Council applied an erroneous standard in that § 1.03 does not require "significant" limitation of motion, a showing of enlargement and effusion, or "loss of full weight bearing." Plaintiff also contends that the focus of both the Magistrate's and Appeals Council's conclusion was on the absence of "enlargement or effusion." The Magistrate also found that "[w]hile Plaintiff's condition does meet some aspects of § 1.03, the criteria of enlargement or effusion of the hip, and stiffness, are clearly lacking in the evidence."

This Court disagrees with the conclusion of both the Magistrate and the Appeals Council that the clinical evidence does not support a finding of enlargement of the hip joint. The November 7, 1981 x-ray report specifically provides:

RIGHT HIP: There is severe osteoarthritis seen at the right hip with marked narrowing and erosions at the acetabular joint. There is severe aclerosis seen at the superior portion of the acetabular

articulating surface as well as *moderate ossified formation* at the superior margin. The femoral head appears markedly deformed and eroded.

(Emphasis added.) If an "ossified formation at the superior margin" does not constitute an enlargement of the hip, the Appeals Council has the obligation to explain to this Court why it does not and to define what is meant by the term "enlargement." So far as this Court can determine that term is not defined anywhere in the regulations.

Moreover, the Appeals Council stated that the "evidence of record does not establish the existence of ... joint stiffness ...", despite the fact that plaintiff testified that he had to "work" his hip to loosen it after sitting. As plaintiff correctly points out, loss of weight bearing is not necessary to meet the § 1.03 listing where, as here, there is a gross anatomical deformity. Finally, neither the Appeals Council nor the Magistrate discuss whether plaintiff's conditions, in combination, equal or meet any listed impairment.

For the foregoing reasons, this Court holds that the Appeals Council's decision reversing the ALJ's decision that plaintiff did indeed meet the § 1.03 Listing of Impairments was not justified under the substantial evidence standard by which the Council justified its review. It was therefore error for the Appeals Council to review the ALJ's decision pursuant to 20 C.F.R. § 404.970(a). Thus, the Secretary's finding that plaintiff was not "listed" is reversed.

Additional reasons exist as well for reversing the Secretary's decision. First, this Court is troubled by the Appeals Council's decision to overturn the ALJ on the question of pain. The Appeals Council cannot disregard the ALJ's implied conclusion that plaintiff's testimony on the extent of his pain was credible because the Appeals

---

1. The Appeals Council also found that plaintiff's visual impairment was not severe, and that his "subjective complaints of pain [are] credible only to the extent to which they are supported by the objective medical evidence." In addition, the Appeals Council found that plaintiff had the residual functional capacity to perform sedentary work and that his non-exertional impairments did not significantly affect his residual functional capacity.

Council did not have the opportunity to see and hear him personally as did the ALJ. *Bohr v. Schweiker*, 565 F.Supp. 610 (E.D. Pa.1983). Subjective testimony of pain can support a claim of pain even when it is not accompanied by objective clinical evidence. *Aubeuf v. Schweiker*, 649 F.2d 107 (2d Cir.1981); *Smith v. Califano*, 637 F.2d 968 (3d Cir.1981). Especially where, as here, ample medical evidence supports the existence of pain, the Appeals Council may not discredit testimony of pain to the extent it is not supported by medical evidence without explaining why it is doing so.

Second, this Court agrees that the Appeals Council erred in failing to consider the combined effects of plaintiff's impairments. *Johnson v. Heckler*, 593 F.Supp. 375 (N.D.Ill.1984), *aff'd*, 769 F.2d 1202 (7th Cir.1985).

Finally, this Court finds that the Appeals Council's finding that plaintiff is capable of performing sedentary work is not supported by substantial evidence. The Appeals Council erred in rejecting, again without explanation, the adverse vocational implications raised by the plaintiff's several non-exertional impairments—the loss of one eye, his chest pain, and the pain from his arthritis. The rationale by the Appeals Council for doing so, namely that each impairment individually was not severe, contravenes the requirement of *Johnson v. Heckler, supra,* that the combined effect of each impairment must be considered. Furthermore, the application of the "grid" to deny the claim in light of the non-exertional impairments was error. *Smith v. Schweiker*, 735 F.2d 267 (7th Cir.1984); 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.-00(e)(2).

Thus, this Court reverses the decision of the Secretary and of the Appeals Council and grants plaintiff's request for disability benefits. In doing so, this Court essentially affirms the decision of the ALJ. Moreover, the Court also finds that the ALJ's decision that the onset date of plaintiff's disability was November 6, 1981, the date of the consulting x-ray which provides the principal medical evidence of his disability, is supported by substantial evidence. Although it is true that a medical diagnosis can be made several years after the actual onset of an impairment, *Stark v. Weinberger*, 497 F.2d 1092 (7th Cir.1974), the plaintiff must present more evidence of actual disability than the date he stopped working full time to overturn the ALJ's finding in this regard. Plaintiff has not met his burden on the onset date issue.

*Conclusion*

For the reasons stated above, the Court declines to accept the Magistrate's Report and Recommendation. The plaintiff's motion for summary judgment is granted except to the extent it seeks an earlier onset date for disability benefits, and the Secretary's motion for summary judgment is denied. The Secretary is ordered to grant plaintiff disability benefits from November 6, 1981.