ORDER
Petitioner Company filed the within petition for review seeking to have an order of the respondent Board set aside. The subject order of the Board directs the Company to bargain collectively with the United Steelworkers of America, AFL-CIO-CLC, as the exclusive bargaining agent of the unit involved. The Board has filed a cross-application for enforcement of its order.
*383 Three representation elections have been held. In the first, a majority of the employees voted in favor of representation by the Union, but the Board sustained the Company objection on the ground that the Union had engaged in unfair labor practices and ordered another election to be held. At the second election, a majority of the employees voted against Union representation, but the Board sustained one of the Union’s five objections, concluding that a letter sent by the Company to the employees threatened economic reprisal in the event of a pro-Union vote and an inducement for a contrary result, and ordered a new election. At the third election, a majority voted in favor of Union representation, and a Company objection, made primarily on the ground that the use of two sets of ballots of different colors destroyed the secrecy of the ballot, was denied, and the Union was certified as the collective bargaining agent. Being fully advised in the premises, the Court concludes that the Board’s finding, that the letter sent by the Company to the employees prior to the second election illegally threatened economic sanctions and offered promises, is not supported by substantial evidence in the record considered as a whole. See Linn v. United Plant Guard Workers of America, Local 114, 383 U.S. 53, 62, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966); NLRB v. Gissel Packing Co., 395 U.S. 575, 618, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969); Automation & Measurement Division, Bendix Corp. v. NLRB, 400 F.2d 141, 144-45 (6th Cir. 1968); NLRB v. Hobart Bros. Co., 372 F.2d 203, 206 (6th Cir. 1967); NLRB v. Cleveland Trust Co., 214 F.2d 95, 98-99 (6th Cir. 1954); Federal-Mogul Corp. v. NLRB, 566 F.2d 1245, 1255-57 (5th Cir. 1978); NLRB v. Automotive Control Corp., 406 F.2d 221, 223-24 (10th Cir. 1969). Having set the second election aside on the basis of that finding, the Board found it unnecessary to consider the Union’s other objections to that election. In view of our conclusion in that regard, however, consideration and disposition of such additional Union objections by the Board becomes relevant and a remand for that purpose is required. Accordingly,,
IT IS ORDERED that this cause be and it hereby is remanded to the National Labor Relations Board for proceedings consistent herewith and for the holding of such a hearing or hearings as may be deemed necessary.