Thomas W. THOMAS, Plaintiff,

v.

Margaret M. HECKLER,* Secretary of Health and Human Services of the United States, Defendant.

No. CV 82–63–M.

United States District Court, D. Montana, Missoula Division.

May 9, 1983.

Jeffry D. Ellingson, Kalispell, Mont., for plaintiff.

---

* The name of Margaret M. Heckler is substituted for that of resigned Richard S. Schweiker.

Allen R. McKenzie, Asst. U.S. Atty., Butte, Mont., for defendant.

## OPINION

RUSSELL E. SMITH, District Judge.

In this case, as in so many which have come before the court in recent months, the question is whether the plaintiff is a malingerer seeking a free ride on the back of an already overburdened system, or whether he is disabled by reason of real pain which prevents him from performing any type of gainful employment. The physiological origins of plaintiff's pain are obscure. The administrative law judge (ALJ) found plaintiff's reports of pain to be credible and also found them to be supported by the medical evidence. He found plaintiff to be totally disabled. In my opinion there was substantial evidence to support that finding, and the Appeals Council would have been warranted in affirming it. On the other hand, in my opinion there was evidence from which the ALJ might have found that the plaintiff was not totally disabled, and had he so found and had the Appeals Council agreed, I would have affirmed. In short, this is the kind of a case in which the fact-finding of the trier of fact should be conclusive. In this case, if I could simply ignore the findings of the ALJ, I would hold that there is sufficient evidence to support the judgment of the Appeals Council.

But, notwithstanding that the Appeals Council has the ultimate power to decide the facts, including the credibility of witnesses, I am confronted by the rule that the findings of the ALJ must be given some weight.[1]

In this case, and further complicating the fact-finding process, is this language which is attached to and precedes the findings:

## MEMORANDUM FOR THE FILE

In the opinion of the undersigned, due process and other legal requirements impose a duty on the undersigned to analyze and fully summarize all the testimony and documentary evidence contained in the record, and to accurately reflect said evidence in any decision. Thereby, the Administration and the claimant are fully advised as to the basis and rationale for a reversal/affirmation. However, OHA/HHS management insists that the rationale for reversals fully favorable to the claimant should be set forth in a memorandum for the file that, preferably, does not exceed one-half to one page in length.

In the opinion of the undersigned, management's demands violate the United States Constitution, the Social Security Act, the Administrative Procedure Act

1. *Universal Camera Corp. v. Nat'l Labor Relations Bd.,* 340 U.S. 474, 493, 71 S.Ct. 456, 467, 95 L.Ed. 456 (1951); *Johnson v. Califano,* 607 F.2d 1178 (6th Cir.1979); *Beavers v. Secretary of Health, Education & Welfare,* 577 F.2d 383 (6th Cir.1978). In *Beavers,* it is stated:

   It is beyond dispute that the Appeals Council, and the Secretary, have the *power* to conclude that testimony, even if uncontradicted in the record, is not credible, since the Secretary is entrusted with the duty of making all findings of fact. Since the statutorily-mandated deference to findings of fact runs in favor of the Secretary, not the administrative law judge, the Appeals Council has the power to do so even if the administrative law judge has determined otherwise. Nevertheless, this Court still has the responsibility of determining whether there is substantial evidence to support the Appeals Council's decision, and when the administrative law judge has concluded that a witness's testimony is

   credible, that is an important factor to consider. The notion that special deference is owed to a credibility finding by a trier of fact is deeply imbedded in our law. The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly. *Id.* at 386–87 (footnote omitted). In *Johnson,* it is stated:

   Accordingly, the contrary findings of the ALJ are again "an important factor" for this Court to consider in its review of the Secretary's final decision. Consistent with the teachings of *Universal Camera Corp., supra,* 340 U.S. 474 at 488, 71 S.Ct. 456 at 464, 95 L.Ed. 456, we hold that the findings of the ALJ "fairly detract from [the] weight" of the evidence relied upon by the Secretary. 607 F.2d at 1183.

and the provisions of the settlement in *Charles Bono, et al v. United States Social Security Administration, et al,* U.S. Dist.Ct., W.Dist. of Mo., W.Div., Case No. 77–0819–CV–WO4. However, the undersigned is herein complying, under protest, with management's aforesaid demands.

Obviously, if the decision of the ALJ is an "important factor," then the weight which I must assign to that factor (and incidentally the weight which the Appeals Council *should* assign to it) is dependent upon an appraisal of the thought process of the ALJ. That thought process is not fully revealed if some kind of a word or page limitation restricts the full expression of it. This whole process, particularly where pain is the factor which separates the saints from the sinners, is at best full enough of imponderables. These imponderables should not be increased by artificial limitations.

The case is remanded to the Secretary who shall on remand direct the ALJ to express, without word or page limitation, his thought processes in this case. The Secretary shall then review the full opinion of the ALJ and take such final action as she deems appropriate. In addition, the Secretary may on remand do any or all of the things which she is empowered by law to do.