787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY ELDRIDGE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5492
 United States Court of Appeals, Sixth Circuit.
 3/26/86
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: ENGEL, CONTIE and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Larry Eldridge appeals from the decision of the district court affirming the final decision of the Secretary denying plaintiff's application for Supplementary Security Income ('SSI') benefits under the Social Security Act. The final decision of the Secretary is that although plaintiff suffers from severe impairments that prevent him from performing his past relevant work, he retains the residual functional capacity to perform a wide range of sedentary work and, accordingly, is not disabled under 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.25. Finding substantial evidence to support the Secretary's factual findings and no errors of law, we affirm.
 
 I.
 
 2
 Plaintiff, who was born on March 2, 1950, completed the fifth grade of education. His past work experience includes employment as a machine shop press operator, service station attendant/mechanic, and coal mining laborer. He last worked on February 1, 1980. Plaintiff's major impairments result from an automobile accident in 1968, in which he suffered a fracture of his left femur and left humerus. He underwent surgery which resulted in his left leg being shorter than his right. More recently, plaintiff was hospitalized in December, 1980, because of excessive vomiting, diarrhea and epigastric cramping. He was discharged after three days with a diagnosis of 'alcoholic gastritis with acute hypertensive reaction.'
 
 
 3
 Plaintiff filed this, his second, application for SSI benefits on December 10, 1980, alleging disability due to injuries to his back, left elbow, and both legs, particularly the left leg which, as stated, is approximately two inches shorter than his right leg. Plaintiff also alleged that he suffers from pain in his left arm and lower back, swelling of joints, headaches, dizziness, and chronic ulcer problems. Plaintiff's application was denied at all administrative levels. At his request, a de novo hearing was held before an Administrative Law Judge ('ALJ'), whose decision as outlined above became the final decision of the Secretary upon the refusal of the Appeals Council to grant review. This appeal followed the district court's affirmation of the Secretary's decision.
 
 II.
 
 4
 Plaintiff argues that there is an absence of substantial evidence to support a finding that the Secretary, after having determined plaintiff could not perform his past relevant work, met her burden of demonstrating that plaintiff has the residual functional capacity to perform sedentary work. See Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). In support of this claim, plaintiff offers the following specific arguments.
 
 
 5
 First, plaintiff argues that nothing in the ALJ's decision indicates that she considered the combined effects of plaintiff's impairments as required by 20 C.F.R. Sec. 404.1523. We disagree. Our reading of the ALJ's decision satisfies us that she properly considered the combined effects of plaintiff's impairments. See Opinion at 5-6.
 
 
 6
 Plaintiff next argues the ALJ failed to give proper weight to plaintiff's claims of pain. In this connection, plaintiff insists the ALJ failed to make specific findings as to the credibility of his testimony. Again, we disagree. The ALJ stated, '[T]he severity of these problems, as testified to by the claimant, is not documented by the record.' We interpret this statement as a specific finding of a lack of credibility as to plaintiff's complaints of pain.
 
 
 7
 Plaintiff further argues his claims of severe pain are entitled to great weight because his subjective complaints are supported by substantial objective medical evidence demonstrating a medical basis for his complaints. However, although the record includes medical evidence demonstrating a basis for some pain, substantial evidence exists to support the ALJ's determination that the medical evidence does not provide a basis for a finding of pain of such severity that it precludes plaintiff from any substantial gainful activity. None of the examining physicians opined that plaintiff suffers from such disabling pain. Dr. Travis, plaintiff's treating physician, reported 'no tenderness' in plaintiff's back and found plaintiff to be in no apparent acute distress. Dr. Payne, who examined plaintiff as a consultant for the Secretary, found plaintiff's joints nontender with no limitation of motion. The only other legible medical evidence pertained to plaintiff's alcoholic gastritis.
 
 
 8
 Although both Drs. Travis and Payne noted that plaintiff suffers from some pain, their diagnoses easily distinguish this case from King v. Heckler, 742 F.2d 968 (6th Cir. 1984), wherein the treating physician found the claimant suffering from 'severe low back pain' and the record documented 'a long history of fruitless treatment for severe headaches and leg and back pain.' Id. at 975 (quoting Beavers v. Secretary of Health, Education & Welfare, 577 F.2d 383, 386 (6th Cir. 1978)). In contrast to King, where the claimant underwent a lumbar laminectomy with little improvement, plaintiff herein has declined to undergo a myelogram and appropriate measures recommended by his treating physician.
 
 
 9
 Plaintiff next argues the ALJ erred by applying the 'grid' because he suffers from nonexertional impairments. See Kirk v. Secretary of Health & Human Services, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). 'However, before reaching the conclusion that the grid will not be applied because claimant alleges nonexertional limitations, those nonexertional limitations must be severe enough to restrict a full range of gainful employment at the designated level.' Id. at 537. As we have observed, substantial evidence in the instant case supports the ALJ's determination that plaintiff's nonexertional impairments are not severe enough to restrict a full range of sedentary work.
 
 
 10
 Finally, we do not find this case analogous to Wages v. Secretary of Health & Human Services, 755 F.2d 495 (6th Cir. 1985). In Wages, the ALJ found that the claimant, although suffering from severe exertional impairments that required her to alternate between standing and sitting, nonetheless had the residual functional capacity to perform sedentary work. Id. at 497. We held that such a person, who must be allowed to alternate between sitting and standing, cannot perform a wide range of sedentary work, and, accordingly, application of the grid is inappropriate. However, Wages is of no help in the instant case as the record here does not 'clearly show that [plaintiff] cannot sit or stand for long intervals but must be able to move about as [he] finds necessary.' Id. at 497.
 
 III.
 
 11
 Accordingly, the decision of the district court is AFFIRMED.