793 F.2d 1291
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WARREN B. DUNN, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-1006
 United States Court of Appeals, Sixth Circuit.
 5/5/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KEITH and MARTIN, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Warren B. Dunn appeals the Secretary's denial of his application for disability insurance benefits. Following a hearing, the administrative law judge upheld the Secretary's denial of Dunn's claims and this decision was affirmed by the Appeals Council and the district court. Finding substantial evidence to support the denial of benefits, and no errors of law, we affirm.
 
 
 2
 Born in August, 1923, Dunn completed the eighth grade of school and had no other vocational or specialized training. He operated a truck for many years until he bought a grocery store in 1977. He worked in the store three or four hours a day until he sold the store in May, 1979.
 
 
 3
 Dunn complains of limited dorsal and cervical movement and back pain that also causes severe headaches. He claims that he suffers from hearing loss, nervousness, shortness of breath, dizziness, partial right digit amputation, and psoriasis. Dunn stated that the back pain began after a truck accident in 1969; a second truck accident in 1970 compounded the pain.
 
 
 4
 A vocational expert testified before the administrative law judge that Dunn's prior work had been of a semi-skilled nature. He also testified that these skills were transferable to numerous sedentary jobs in the southern two-thirds of Michigan such as messenger driver, cab driver, bank teller, and inventory control specialist. The expert stated, however, that if he were to accept as totally credible all of Dunn's testimony as to his physical impairments, Dunn could not perform any job on a full-time basis.
 
 
 5
 After a hearing, the administrative law judge issued a detailed opinion in which he stated that due to a combination of physical problems, Dunn suffered a severe impairment. The administrative law judge also found, however, that Dunn's 'cervical spondylosis, narrowing at L5-S1, mild chronic bronchitis, and an amputation injury to the right hand would not prevent him from performing sedentary work.' He specifically found that Dunn's claims of dizziness and constant severe neck and back pain were not credible and would not restrict his ability to perform sedentary work.
 
 
 6
 The standard for appellate review of a denial of Social Security benefits is whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1982); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). If the findings of the Secretary are supported by substantial evidence, the Court is bound by these findings. Ross v. Richardson, 440 F.2d 690, 691 (6th Cir. 1971). Substantial evidence 'means such relevant evidence as a reasonable mind might accept to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971). It must be 'more than a mere scintilla.' Lashley v. Secretary of Health & Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). It is well-settled, moreover, that concerning a claimant's credibility about allegations of pain, 'the ALJ's opportunity to observe the demeanor of the claimant is invaluable, and should not be discarded lightly." Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 538 (6th Cir. 1981) (quoting Beavers v. Secretary of Health, Education & Welfare, 577 F.2d 383, 387 (6th Cir. 1978)), cert. denied, 461 U.S. 957 (1983).
 
 
 7
 Upon review of the proceedings and evidence presented below, we find substantial evidence to support the holding that although Dunn suffers a severe impairment, he retains the residual functional capacity to perform a wide range of sedentary work. Moreover, despite Dunn's assertion to the contrary, we find the administrative law judge considered the cumulative effects of Dunn's credible physical impairments and nevertheless found him fit for certain sedentary work. The decision of the Secretary denying benefits is therefore affirmed.