803 F.2d 723
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RACHEL FAYE YOUNG, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-5816.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1986.
 
 BEFORE: KEITH and GUY, Circuit Judges; and BALLANTINE,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant, Rachel Faye Young, appeals the district court's judgment affirming the Secretary's denial of her application for social security disability benefits. We affirm on the grounds the ALJ's decision, denying benefits was supported by substantial evidence.
 
 
 2
 Plaintiff filed her application for Supplemental Security Income (SSI) benefits on September 20, 1983. Her application was denied initially and on reconsideration. Plaintiff filed a request for a hearing and on June 6, 1984, appeared and testified before an ALJ. The ALJ denied plaintiff's claim on July 23, 1984. After considering an additional medical report, the Appeals Council denied review on November 30, 1984. Plaintiff filed her complaint in the United States District Court for the Middle District of Tennessee on December 17, 1984. After both parties filed cross-motions for summary judgment, the district court granted the Secretary's motion and dismissed the case on June 27, 1985. Plaintiff appeals from this decision.
 
 
 3
 The claimant, Rachel Faye Young, was born on February 17, 1944. She is single and has no minor children. She has a ninth-grade education and does not have past relevant work experience. The claimant is alleging inability to work due to rheumatoid arthritis, a collapsed left lung, and diabetes.
 
 
 4
 The ALJ found that although claimant had severe rheumatoid arthritis, the claimant has the residual functional capacity to perform a full range of light work. Claimant's main contention is that she is disabled due to severe pain. However, a report by Dr. John Johnson states that claimant is receiving benefit from taking twelve aspirins per day. The report also states: "She does not have severe disease and probably does not have aggressive rheumatoid disease . . . ." The fact that claimant has been prescribed a relatively mild pain killer, aspirin, undercuts her contention that her pain was disabling. We accord deference to the ALJ's credibility determination concerning claimant's pain. The ALJ's findings of credibility are to be accorded great weight. Beavers v. Secretary of Health Education & Welfare, 577 F.2d 383 (6th Cir. 1978).
 
 
 5
 We do not lightly disregard Dr. Bryant's report that claimant was "completely disabled". However, we agree with the Secretary that this report was merely conclusory and not supported by objective medical findings.
 
 
 6
 It is our role not to try the case de novo, but merely make sure the ALJ's decision was supported by "substantial evidence": such evidence that is more than a scintilla, but less than a preponderance. Richardson v. Perales, 402 U.S. 389 (1971). We find the ALJ's determination was supported by "more than a scintilla" of evidence. Accordingly, we affirm.
 
 
 7
 Judge Keith dissents. He would reverse and remand for payment of benefits.
 
 
 
 *
 Honorable Thomas A. Ballantine, Jr., United States District Court for the Western District of Kentucky, sitting by designation