825 F.2d 410
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grace BARGES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-1801
 United States Court of Appeals, Sixth Circuit.
 July 23, 1987.
 
 Before MERRITT, MARTIN and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Barges, appeals from a denial of her claim for social security benefits. The period of alleged disability in question is from July 1973 until June 30, 1978, when her insured status under the Act expired. She did not file her claim for benefits until 1985. She asserts the onset date of her disability as July, 1973, when she last engaged in substantial gainful activity. She continued to suffer from diabetes and alleged various other afflictions off and on during the years in question. The ALJ found that Barges did not meet the listings during this approximate five year period and that she failed to prove that she was disabled. Since her former job did not require her to lift, the ALJ determined that she was capable of performing her past relevant work on or before the date in question; she was not disabled within the meaning of the Act during this period.
 
 
 2
 After a careful review of the record, we find that substantial evidence supports the ALJ's finding that Mrs. Barges failed to show that she in fact became disabled prior to 1978. Although her diabetes has been described as 'brittle', her condition was often described as being in good control during this period and lengthy gaps appear in the medical record during which time apparently Mrs. Barges had no medical problems. Further support is found by the evidence that Mrs. Barges did perform some work until 1975. See generally Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir. 1986) (en banc). Also, the ALJ's finding that plaintiff's testimony was not fully credible is entitled to considerable deference. Beavers v. Secretary of Health, Education & Welfare, 577 F.2d 383, 386 (6th Cir. 1978).
 
 
 3
 For the reasons stated by the district court in its analysis of the facts and circumstances in the record, we AFFIRM the district court decision that the ALJ's findings were supported by substantial evidence.