Steven ROPER, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant.

No. 1:89CV0395.

United States District Court,
N.D. Ohio, E.D.

Nov. 2, 1990.

Charles P. Royer, Irwin S. Haiman, McCarthy, Lebit, Crystal & Haiman, Cleveland, Ohio, for plaintiff.

Michael A. Jeter, Office of The U.S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Steven Roper seeks review of a final determination of the Secretary of Health and Human Services ("Secretary") that Roper is obliged to repay $13,739 received as Social Security retirement benefits for the years 1983, 1984, and 1985. That determination was based on the Social Security Administration's ("SSA") decision that, for those three years, Roper had earnings from employment in excess of the statutory limits on such earnings by retirees.

The case was referred to a magistrate for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The magistrate has submitted his report recommending the Secretary's final determination be set aside and judgment be entered in Roper's favor. The magistrate found that Roper did not have excess earnings for the years 1983, 1984, and 1985, and is therefore not obliged to repay the social security retirement benefits he received during those years. The Secretary filed objections to this recommendation.

In accordance with 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the record. For the reasons stated, this Court adopts the magistrate's report and recommendation and reverses the Secretary's final determination, and enters judgment for Roper.

### I.

Roper was born on November 7, 1921. He filed an application for social security retirement benefits in August 1983, and began receiving those benefits in December 1983.

Roper's wife and son were full owners of S. Roper Company. Roper was full owner of Real Care, Inc., a Subchapter S Corporation, whose primary function was to provide administrative services for S. Roper Company.

Roper spent about seven and one-half hours per day on the premises of the two businesses, not all of which time was spent on the performance of company business. Roper received about $500 a month from Real Care, Inc. for his services in 1984 and 1985. According to Roper, he did not receive more because the company could not afford to pay him more. He claims that these wages represent the total amount applicable to the earned income provisions of the Social Security Act. Roper had no earned income in 1983; $5,000 in wages from Real Care, Inc. in 1984; and $4,000 in wages from Real Care, Inc. in 1985.

In November 1986, SSA informed Roper that, based on its findings, he had earnings of $31,577 in 1983; $48,152 in 1984; and $29,174 in 1985; and that therefore, he was not entitled to social security retirement benefits for those years because the earnings were in excess of the statutory limit on employment earnings for retirees. *See* 42 U.S.C. § 403(b). SSA demanded repayment of the benefits Roper received during those years, $13,739.

The basis of SSA's determination of Roper's earnings was that he had used Real Care, Inc., and S. Roper Company to hide earnings under the guise of receipt of payments for rents, professional fees and services from one company to the other, and loans. According to SSA, this resulted in income far in excess of that permissible for Roper for the years in question.

Roper disputed SSA's determination of earnings and requested a reconsideration. SSA upheld its prior determination. Roper then filed a timely request for *de novo* review and a hearing. The case went before an Administrative Law Judge ("ALJ").

The ALJ addressed the specific bases of SSA's determination, then explored other possible ways Roper could have diverted, converted, or shielded income. After review of the record, the ALJ entered his decision. He found that:

(1) Roper was not converting earnings into non-earned income via rental receipts;

(2) the evidence demonstrated beyond any reasonable doubt that payments of professional fees and services by Real Care, Inc., and S. Roper Company constituted bona fide business expenses,

and Roper did not receive any of those payments;

(3) payments from S. Roper Company to Real Care, Inc. constituted reasonable compensation for services performed and could not be added to Roper's earnings;

(4) Roper was not using the repayment of corporate obligations as a vehicle for diverting income from earnings to other forms;

(5) Roper was not diverting income to family members;

(6) Real Care, Inc., and S. Roper Company were active business concerns;

(7) Real Care, Inc. and S. Roper Company were separate and distinct legal entities both from each other and from Roper; and

(8) it was not likely that Roper created the corporations for the purpose of diverting earnings to a form not subject to the excess earnings deductions.

In short, the ALJ found that the basis of SSA's determination was wrong. The alleged sources of income could not be attributed to Roper, and amounts directly attributable to him were within the permissible limits and did not require deductions for excess earnings.

However, the ALJ went on to find that Roper had a significant opportunity to control his income because he controlled Real Care, Inc., and his immediate family controlled S. Roper Company. The ALJ determined that Roper provided a large part of the managerial expertise and made most of the major business decisions. As such, he was involved with performing substantial services. The ALJ concluded that Roper's work activities resembled self-employment more than working for wages. Consequently, the actual amount of wages or salary received was not determinative of the issue regarding the extent of earnings. *See* 20 C.F.R. § 404.429.

The ALJ found that Roper's salary was not representative of the service he provided. According to the ALJ, it was unlikely that someone with Roper's experience and background would perform the services he performed for the two companies if he and his family did not own them. The companies benefited by Roper's willingness to accept below-standard compensation in the amount the value of Roper's services exceeded the amount of salary he was paid. Since Roper owned 100% of Real Care, Inc., and his family owned 100% of S. Roper Company, the ALJ concluded that Roper received a benefit identical to that received by the companies. The ALJ found the value of Roper's services, rather than his salary, to be the proper measure of his earnings.

The ALJ then ascertained the value of Roper's services. He reviewed the payroll records of Real Care, Inc., and found that the highest paid employee had received compensation of nearly $20,000 in 1983. While there was no information concerning the nature of the services performed by that employee, the ALJ concluded that Roper's services must have been more valuable. As a result, the ALJ attributed an additional $20,000 per year income to Roper. This placed Roper's earnings above the amount which would permit him to receive any benefits for the years in question. Accordingly, the ALJ found that Roper was overpaid $13,739, which represents the total benefits he received for the years 1983, 1984, and 1985. The ALJ determined that Roper was required to repay that amount.

Roper presented a request for review of the ALJ's decision to the Appeals Council. His request was denied, and the decision of the ALJ became the final decision of the Secretary for purposes of judicial review.

Upon review, the magistrate recommends that the Secretary's final determination be reversed and judgment entered in Roper's favor because there is no evidence in the record of any irregularities in the structuring of the corporations or of any converting, diverting, or shielding of income which would permit the Secretary to attribute earnings to Roper.

## II.

The Secretary's objection to the magistrate's report and recommendation is based on the arguments that: (1) the magistrate

improperly shifted the burden of proving retirement to the Secretary; (2) the magistrate precluded the Secretary from arguing that Roper received tax benefits from the companies which can be attributed to him as remuneration that counts toward excess earnings because the operation of Real Care, Inc., and S. Roper Company was a sham; (3) the report and recommendation ignores the ALJ's credibility observations pertaining to Roper; and (4) the magistrate should have remanded the case for further development of the record by obtaining tax, accounting, and financial expertise to evaluate Roper's contentions and documents.

### A.

The Secretary's first objection is that the magistrate improperly shifted the burden of proof. This Court recognizes that there is an express presumption that Roper had earnings of more than the applicable exempt amount. 42 U.S.C. § 403(f)(4)(A) & (B). However, the Secretary confuses Roper's burden of proof with this Court's duty to determine whether substantial evidence exists to support the Secretary's findings. *See* 42 U.S.C. § 405(g); *Shelman v. Heckler*, 821 F.2d 316, 319 (6th Cir.1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB.*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). "Substantiality of the evidence must be based upon the record taken as a whole." *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980) (citing *Futernick v. Richardson*, 484 F.2d 647 (6th Cir. 1973)). "Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the 'substantiality of the evidence must take into account whatever in the record fairly detracts from its weight'." *Beavers v. Secretary of Health, Education & Welfare*, 577 F.2d 383, 387 (6th Cir.1978) (quoting *Universal Camera Corp. v. NLRB.*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)). This Court

is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Myers v. Richardson*, 471 F.2d 1265, 1266–67 (6th Cir.1972) (citations omitted).

Here, the magistrate did not disturb Roper's burden of proof regarding the matter of excess earnings attributable to him. Instead, on review, the magistrate concluded that the Secretary's determination is not supported by substantial evidence of record. Upon that basis, pursuant to 42 U.S.C. § 405(g), it is within this Court's authority to reverse the decision of the Secretary. Accordingly, the Secretary's first objection is invalid.

### B.

The Secretary's next objection is that he was precluded from presenting his argument in support of the decision. The Secretary's argument that the operations of Real Care, Inc., and S. Roper Company were not legitimate, on-going business enterprises and that tax losses could be considered as excess earnings, were new foundations for the final determination presented for the first time in the Secretary's motion for summary judgment. They had not been raised by either the ALJ or the Appeals Counsel as the basis of the decision.

This action is a record review. Generally, this Court may not accept the *post hoc* rationalization for the Secretary's determination. *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168, 83 S.Ct. 239, 245, 9 L.Ed.2d 207 (1962). The determination must be upheld, if at all, on the basis articulated by the ALJ and/or Appeals Counsel. *Id.* at 168–69, 83 S.Ct. at 245–46 (citing *Securities & Exchange Comm'n. v. Chenery*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947)). A fundamental rule of administrative law is that a reviewing court must judge the propriety of the action solely on the grounds invoked by the agency. *Securities & Exchange Comm'n. v. Chenery*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947). While there may be circumstances when a reviewing court is justified in re-

solving an issue not passed on below, *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976), this is not such a case. The Secretary had a full and fair opportunity to raise his argument below. There is no indication that injustice results because he is precluded from doing so now. Accordingly, the Secretary is foreclosed from defending the final determination on the basis of a novel theory entirely different from that underlying the holdings of the ALJ and/or the Appeals Council.

■ In any event, the magistrate considered the Secretary's argument and rejected it because the record fails to demonstrate the Secretary's contention that the business affairs of Real Care, Inc., and S. Roper Company were a sham. This Court agrees with the magistrate. Both companies had been active business concerns before Roper filed for benefits. Both Real Care, Inc., and S. Roper Company were separate, distinct legal entities from each other and from Roper. The record does not provide substantial evidence to support the Secretary's argument that the companies were shams.

Regardless of whether the Secretary's argument can be foreclosed for failure to invoke it as the basis of the decision below, or whether it is addressed on the merits, the outcome is the same. The Secretary cannot prevail. Accordingly, the Secretary's second objection is not persuasive.

### C.

The Secretary's third objection is that the magistrate overlooked or minimized the credibility observations of the ALJ pertaining to Roper. These credibility concerns include Roper's alleged concealment of information and documents.

To determine whether there is substantial evidence to support the Secretary's determination, this Court must look at the record taken as a whole. *Futernick,* 484 F.2d 647. The substantiality of the evidence must take into account anything that detracts from its weight. *Universal Camera Corp.,* 340 U.S. at 488, 71 S.Ct. at 464.

■ There is no evidence to support the Secretary's final determination. An individual is permitted to arrange his business affairs such that he may maximize his income while lowering both his tax consequences and consequences regarding receipt of retirement insurance benefits. *Gordon v. Finch,* 437 F.2d 253, 257 (8th Cir.1971). To attribute income to Roper would require evidence that Roper had received some form of hidden income from Real Care, Inc., or S. Roper Company. *See, e.g., Berger v. Secretary of Health and Human Services,* 835 F.2d 635 (6th Cir.1987) (retiree diverted income to family members); *Holden v. Califano,* 641 F.2d 405 (6th Cir.1981) (sham transfer of ownership); *Alster v. Secretary of Health and Human Services,* Unempl.Ins.Rep. (CCH) ¶ 17,988.1, 1987 WL 8189 (N.D.Ill.1987) (retiree used corporate funds for personal benefit); and *Ruehle v. Secretary of Health and Human Services,* Unempl.Ins.Rep. (CCH) ¶ 17,378 (E.D.Mich. July 29, 1986) (retiree converted earnings into non-earned income via rental receipts). Here, there is no evidence of any irregularities in the structuring of the corporations or of Roper converting, diverting, or shielding income. Accordingly, the Secretary may not attribute corporate assets to Roper for the years in question. Since consideration was given to the record taken as a whole, including credibility factors, the Secretary's third objection is invalid.

### D.

■ Finally, the Secretary suggests the case should be remanded to allow the Secretary to further develop the record. This Court may remand the case only when new and material evidence is available and if good cause is shown for the failure to incorporate such evidence into the prior proceedings. 42 U.S.C. § 405(g). Good cause is satisfied only by a showing of a valid reason for the failure to obtain the evidence sought prior to hearing. *Willis v. Secretary of Health and Human Services,* 727 F.2d 551, 554 (6th Cir.1984).

■ In this case, nothing kept the Secretary from obtaining tax, accounting, or

financial expertise to evaluate the case. The Secretary had ample time and opportunity to provide evidence attempting to establish the corporations as a sham or that Roper had "hidden" earnings. Accordingly, this Court does not find that good cause exists in this case. Therefore, remand is not appropriate under 42 U.S.C. § 405(g). Consequently, the Secretary's final objection is also invalid.

### III.

On the record presented, this Court finds that the Secretary's final determination was not supported by substantial evidence. Accordingly, this Court adopts the magistrate's report and recommendation. The Secretary's final determination is reversed and judgment is entered for Roper.

IT IS SO ORDERED.