98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry I. LAWSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-6299.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 Before: NELSON, MOORE, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Larry I. Lawson appeals the judgment of the district court affirming the Commissioner's denial of his claim for disability and supplemental security income benefits. For the reasons set forth below, we affirm.
 
 I.
 
 2
 Alleging that a back injury had rendered him disabled, Lawson filed an application for Social Security disability benefits and Supplemental Security Income benefits on May 4, 1992. After his applications were denied initially and then again upon reconsideration, Lawson requested a hearing before an Administrative Law Judge (ALJ). A hearing was held before ALJ Ellen K. Thomas on June 3, 1993.
 
 
 3
 Born on November 25, 1945, Lawson was forty-seven years old at the time of the ALJ's hearing. He completed high school and has worked as a coal miner, construction worker, welder and general laborer. His other alleged ailments included a severe mental impairment and severe respiratory impairment. Lawson has undergone several physical and mental examinations by various medical professionals. The physical examinations revealed Lawson suffered from chronic back pain that limited his physical abilities, and from pneumoconiosis Category I (Black Lung Disease). The mental evaluations demonstrated that Lawson suffered from some degree of depression.
 
 
 4
 In her decision, the ALJ determined that: (1) Lawson's condition did not meet the Social Security Act's definition of disability; and (2) that he had the residual functional capacity to perform light work activity. Upon Lawson's appeal of this decision, the case was referred to a magistrate judge pursuant to 28 U.S.C. Section 636(b)(1)(B). The magistrate judge concluded that the Commissioner's findings were supported by substantial evidence and recommended judgment for the Commissioner. Lawson filed objections to the magistrate judge's recommendations. The district court adopted the magistrate judge's report and entered judgment in favor of the Commissioner.
 
 II.
 
 5
 The issue presented for appeal is whether the district court erred in concluding that substantial evidence existed to support the Commissioner's decision to deny Lawson's claim for disability and supplemental security income benefits.[1] 42 U.S.C. § 405(g); Stanley v. Secretary of Health & Human Servs., 39 F.3d 115, 117 (6th Cir.1994); Shelman v. Heckler 821 F.2d 316, 319 (6th Cir.1987); Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 851 (6th Cir.1986). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. Cohen v. Secretary of Dep't of Health and Human Servs., 964 F.2d 524, 528 (6th Cir.1992) (quoting Brainard v. Secretary of Health & Human Servs., 889 F.2d 679, 681 (6th Cir.1989). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary of Health & Human Servs., 945 F.2d 1365, 1369 (6th Cir.1991) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 6
 When determining whether the Commissioner's findings are supported by substantial evidence, we must examine the evidence "taken as a whole", Shelman, 821 F.2d at 320, and "must take into account whatever in the record fairly detracts from its weight." Garner v. Heckler, 745 F.2d 383, 388 (6th Cir.1984)) (quoting Beavers v. Secretary of Health, Education & Welfare, 577 F.2d 383, 387 (6th Cir.1978)). If supported by substantial evidence, the Commissioner's decision is conclusive regardless of whether the reviewing court would resolve disputed issues of fact differently. Tyra v. Secretary of Health and Human Servs., 896 F.2d 1024, 1028 (6th Cir.1990); Garner, 745. F.2d at 387 (circuit court may not retry social security disability cases de novo, nor resolve conflicts in evidence, nor decide questions of credibility).
 
 III.
 
 7
 Claimants have the burden of establishing an entitlement to disability benefits by proving the existence of a disability as defined in 42 U.S.C. § 423(d). A claimant is entitled to receive disability benefits if the claimant's physical or mental impairments are of such severity that the claimant is unable to do the claimant's previous type of work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful employment which exists in the national economy. Cohen, 964 F.2d at 528; 42 U.S.C. § 423(d)(2)(A).
 
 
 8
 The applicable regulations provide a step-by-step review process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520. If at any step in the review process the Commissioner makes the decision that the plaintiff is or is not disabled, review of the claim ceases. 20 C.F.R. § 404.1520(a). The evaluation of disability claims proceeds as follows: (1) If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis; (2) If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis; (3) If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis; (4) If the claimant is able to perform their previous work, benefits are denied without further analysis; and (5) If the claimant is able to perform other work within the national economy, taking into consideration claimant's age, education, and work experience, benefits are denied. See 20 C.F.R. §§ 404.1520, 416.920; Garcia v. Secretary of Health & Human Servs., 46 F.3d 552, 554 n. 2 (6th Cir.1995).
 
 
 9
 ALJ Thomas concluded Lawson did not suffer from an impairment or combination of impairments described in the Listing of Impairments.[2] See 20 C.F.R. §§ 404.1520(d), 416.920(d); see also 20 C.F.R. §§ 404.1525(a), 416.925(a). The ALJ was then required to determine whether Lawson could return to the job he previously held. Tyra, 896 F.2d at 1028. After reviewing the evidence, the ALJ concluded that Lawson was incapable of performing any of the type of employment in which he previously had been engaged. Consequently, the ALJ was required to ascertain whether Lawson had the ability to perform some other type of work. Id. (when claimant proves a medical impairment prevents the performance of the claimant's particular occupation, the claimant has established a prima facie case of disability and the Secretary has the burden of establishing that the claimant can perform other jobs). When determining whether a claimant can perform types of work other than the claimant's previous employment, an ALJ must take into consideration the claimant's present job capabilities such as age, experience, education, physical capabilities, and the existence of jobs to match these qualifications. Id. at 1028-29.
 
 
 10
 Lawson argues that the ALJ's decision that he was capable of performing light work was not supported by substantial evidence. Specifically, he alleges the findings that determined his mental impairment to be nonsevere, and his respiratory impairment nonsymptomatic, were not supported by substantial evidence and failed to comply with proper legal standards. He also alleges the finding that he failed to meet the Act's definition of disability was not supported by substantial evidence.
 
 
 11
 None of Lawson's psychiatric evaluators concluded that his mental condition rendered him disabled and unable to work. ALJ Thomas considered Lawson's mental state and concluded that the depression "may impose a slight degree of limitation to activities of daily living and maintaining social functioning. This does not comprise a 'severe' impairment under" the guidelines. In Maziarz v. Secretary of Health & Human Servs., 837 F.2d 240 (6th Cir.1987), a claimant who had been denied benefits argued the Secretary erred in failing to find his cervical condition a severe impairment. This Court rejected the claim finding that since the Secretary considered the cervical condition in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity," the Secretary's failure to find the claimant's cervical condition a severe impairment could not constitute reversible error. Id. at 244. Because the ALJ considered Lawson's depression in determining whether he retained sufficient residual functional capacity to perform substantial gainful activity, the ALJ's finding that Lawson's mental impairment was nonsevere is not reversible error.
 
 
 12
 Lawson also argues the ALJ violated the pertinent regulations "by failing to utilize a qualified psychiatrist or psychologist to complete the medical portion of the case review and any applicable residual functional capacity assessment." This argument lacks merit for two reasons. First, the ALJ reviewed the reports of Lawson's treating physicians including Drs. Dill, Adams, and Silvia, and therefore complied with the pertinent regulations. Second, 20 C.F.R. § 404.1520a(d)(1) provides that at the ALJ hearing level several options are available in regard to preparation of the required documents. This includes the ALJ's option to "complete the document without the assistance of a medical advisor." Therefore, the ALJ complied with the regulations when she prepared the psychiatric review form.
 
 
 13
 Next, Lawson alleges the ALJ's conclusion that he suffered from nonsymptomatic pneumoconiosis was not supported by substantial evidence. As noted above, when an ALJ fails to find a claimant's alleged impairment severe, but considers the impairment in determining the claimant's residual functional capacity, the decision that the alleged impairment is nonsevere is not reversible error. Maziarz, 837 F.2d at 244.
 
 
 14
 Finally, Lawson argues his back injury renders him disabled within the meaning of the Social Security Act. See 42 U.S.C. § 423(d)(1)(A). In deciding whether Lawson's back injury rendered him disabled, the ALJ relied on his physicians' findings. Drs. Johnson, Moore, and Clapp found different degrees of back injury. However, none of the physicians concluded that Lawson suffered injury to a disabling degree. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988) (mere diagnosis of a condition unaccompanied by disabling limitations cannot be the basis for a finding of disability). In fact, the reports of each of these physicians support the conclusion that Lawson could perform light work (i.e., lift between 10-20 pounds with a restriction against repetitive stooping, bending, or lifting). See 20 C.F.R. § 404.1567(b) (defining light work).
 
 
 15
 Substantial medical evidence supports the ALJ's conclusion that Lawson was not disabled, but was capable of performing a significant number of jobs in the regional economy that involve light work. Lawson's physicians agree that his chronic back injury, pneumoconiosis, and depression restrict his ability to perform certain types of jobs--those that require heavy lifting or exposure to fumes, dust, and humidity. However, none of the examining orthopedic physicians concluded that Lawson was unable to work at all, and contrary to Lawson's contentions none of his psychiatric evaluators concluded that he suffered from a disabling mental impairment.
 
 
 16
 The medical evidence illustrates that Lawson suffers from slight depression, and that he has significant physical limitations. However, it also supports a finding that he can stand, sit, and walk in moderation; these are abilities that are consistent with restricted light work. See Oliver v. Secretary of Health & Human Servs., 804 F.2d 964, 966 (6th Cir.1986). Hence, substantial evidence exists to support the ALJ's conclusion that Lawson can perform light work, and the denial of Lawson's application for benefits.
 
 IV.
 
 17
 Appellant asserts that the ALJ failed to comply with the "regulatory requirements" when she evaluated the alleged mental impairment. When a mental impairment is alleged the regulations require certain forms to be completed at the initial, reconsideration, administrative law judge, and appeals council levels. While the forms must be completed and signed by a medical consultant at the initial and reconsideration levels, the ALJ may complete the forms without the assistance of a medical provider. 20 C.F.R. §§ 404.1520a(d), 416.920a(d). By completing the forms herself, the ALJ complied with those regulations. However, the controlling statute--42 U.S.C. § 421(h)--appears to require more. § 421(h) provides:
 
 
 18
 An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Commissioner of Social Security has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.
 
 
 19
 42 U.S.C. § 421(h) (emphasis added). Therefore, under § 421(h), the initial determination of disability in a case where the evidence indicates some form of mental impairment should be made only after "every reasonable effort" has been made to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.
 
 
 20
 In the present case, Lawson alleged only a back injury when he initially applied for benefits. Although the record is not clear as to exactly when the allegation of mental impairment was first raised, it appears that prior to the ALJ's hearing none of the determinations as to Lawson's disability considered whether the alleged mental impairment contributed in rendering him disabled. Thus, the ALJ made the initial determination of disability in light of Lawson's alleged mental impairment. Consequently, the ALJ was required to make "every reasonable effort to ensure that a qualified psychiatrist or psychologist" completed the necessary documentation, or she could have remanded the case to the state agency for completion of the document and a new disability determination. 42 U.S.C. § 421(h); 20 C.F.R. §§ 404.1520a(d)(1)(iii), 416.920a(d)(1)(iii).
 
 
 21
 In Bernal v. Bowen, 851 F.2d 297 (10th Cir.1988), the Tenth Circuit addressed the identical issue. The claimant in Bernal initially applied for social security benefits claiming that he was disabled due to asthma and allergies. The denial of the claimant's application prompted him to request a hearing before an ALJ. At the hearing stage, the claimant asserted that he was also suffering from depression, and was therefore disabled due to physical and mental impairments. Nonetheless, the ALJ concluded that Bernal was not disabled within the meaning of the Social Security Act, and the district court affirmed.
 
 
 22
 On appeal, Bernal claimed the ALJ erred by completing the case review and residual functional capacity assessment forms himself. Bernal argued that pursuant to § 421(h) a qualified psychiatrist or psychologist was required to complete those forms. The Tenth Circuit held that neither the Secretary (now the Commissioner) nor the ALJ had an absolute duty under § 421(h) to have a psychiatrist or psychologist complete the forms. Bernal, 851 F.2d at 302. That court went on to conclude that Bernal had not been prejudiced by the ALJ's action because the ALJ's decision was amply supported by the evidence. Id.; but cf. Andrade v. Secretary of Health and Human Servs., 985 F.2d 1045 (10th Cir.1993) (Tenth Circuit distinguished the Andrade case by pointing to a lack of substantial evidence to support the ALJ's decision concerning the extent of the claimant's mental impairment).
 
 
 23
 First, we agree with the Tenth Circuit that no absolute duty exists under § 421(h) which requires the Commissioner or an ALJ to have a mental health professional complete the required forms. Andrade, 985 F.2d at 1050; Bernal 851 F.2d at 302. Second, the record is devoid of any evidence that challenges the ALJ's assessment of Lawson's residual functional capacity or the ALJ's conclusion that Lawson had a nonsevere mental impairment. Finally, substantial evidence exists in the record to support the ALJ's decision: (1) Psychologist Joel Dill conducted a vocational evaluation of Lawson, and concluded that although Lawson was suffering from significant depression he was capable of work; (2) Dr. Adams (a clinical psychologist) diagnosed Lawson with major depression, but still found him capable of performing work that would not require bending lifting or stooping; and (3), Drs. Moore and Clapp both reported that Lawson was not totally disabled due to his back injury, but should be restricted to minimal lifting, bending and stooping. Because there is no absolute duty to have a psychiatrist or psychologist complete the forms, and because the ALJ's decision is supported by the medical records and reports, we find that the ALJ did not err by completing the forms herself.
 
 V.
 
 24
 Considering the evidence taken as a whole, the Commissioner's finding that Lawson is not disabled and is capable of performing light work is supported by substantial evidence. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Pursuant to the Social Security Independence and Improvements Act of 1994, Public Law 103-296, § 106(d), 108 Stat. 1464, 1476 (1994) (effective March 31, 1995), the function of the Secretary of Health and Human Services in social security cases was transferred to the Commissioner of Social Security
 
 
 [2]
 Specifically, the ALJ found:
 (1) The claimant met the disability insured status requirements of the Act on August 31, 1988, the date he stated he became disabled, and continues to meet them through the date of this decision; (2) Based on the evidence available, the claimant has not engaged in substantial gainful activity during the period at issue in this decision; (3) The claimant has the following medically determinable conditions: mild degeneration of lumbar spine with minimal disc bulge and possible minimal right nerve root asymmetry; [nonsevere] affective disorder; nonsymptomatic pneumoconiosis; (4) The claimant does not suffer from an impairment or combination of impairments which meets or equals the level of severity described in the Listing of Impairments; (5) The claimant's testimony as to disabling effects of his medical problems was not credible; (6) The claimant retains the functional capacity for light work activity that does not require repetitive bending or stooping; (7) The claimant is not capable of performing any past relevant work; (8) The claimant is capable of performing significant numbers of existing jobs identified by a vocational expert; [and] (9) The claimant has not been under a "disability" as defined in the Social Security Act, at any time through the date of this decision.